UNITED STATES of America, Plaintiff,

v.

ONE PARCEL OF REAL PROPERTY WITH BUILDINGS, APPURTENANCES AND IMPROVEMENTS, KNOWN AS LOT 17, BLOCK 8, AUBURN HILLS, SECOND PLAT, A SUBDIVISION IN GRANDVIEW, JACKSON COUNTY, MISSOURI, a/k/a 13308 Corrington, Grandview, Missouri, Defendant.

No. 88–0157–CV–W–8.

United States District Court,
W.D. Missouri, W.D.

May 11, 1988.

Robert G. Ulrich, U.S. Atty. Frances Reddis, Asst. U.S. Atty., Kansas City, Mo., for plaintiff.

Willis L. Toney, Rosenblum, Esposito & Toney, Kansas City, Mo., for defendant.

## ORDER

STEVENS, District Judge.

On February 22, 1988 the United States Government filed a complaint for forfeiture in rem of the defendant property. The Clerk of Court issued a warrant for arrest on the same day, directing the United States Marshal to seize the property. The marshal provided public notice of the seizure and was also directed to serve the summons and complaint on Kevin Paige, Citicorp Mortgage, Inc., and Lance Robinson. The marshal served Robinson by mail and an acknowledgment of receipt of summons and complaint was signed for Robinson by his attorney, Willis Toney. The case is currently before the court on plaintiff's motion for default judgment against Robinson or, in the alternative, for a stay. In addition, Robinson has filed a motion for leave to file a second amended claim of interest in the property.

The forfeiture at issue in this case is governed by Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims. Rule C(6) states that

the claimant of property that is the subject of an action in rem shall file a claim within ten days after process has been executed, or within such additional time as may be allowed by the court, and shall serve an answer within twenty days after the filing of the claim. The claim shall be verified on oath or solemn affirmation, and shall state the interest in the property by virtue of which the claimant demands its restitution and the right to defend the action. If the claim is made on behalf of the person entitled to possession by an agent, bailee, or attorney, it shall state that the agent, bailee or attorney is duly authorized to make the claim.

On March 9, 1988 Toney filed a document entitled "Claim of Interest in Property" on behalf of Robinson. This claim did not meet the requirements of Rule C(6) because it was not verified on oath or solemn affirmation and it did not state that the attorney was authorized to make the claim. Toney filed an amended claim of interest on behalf of Robinson on March 24, 1988.

This claim was not verified but it did state that Toney had the authority to make the claim. Robinson's proposed second amended claim of interest contains the solemn oath and affirmation required by Rule C(6).

Plaintiff contends that default judgment should be entered against Robinson because the first claim, which was timely filed, lacked the necessary verification and statement of Toney's authority. The government argues that the amended claim is also deficient because it did not contain the oath or affirmation nor was it filed within the ten-day limit.

The Eighth Circuit has held that a district court does "not abuse its discretion by requiring strict compliance with Rule C(6)...." *United States v. Beechcraft Queen Airplane Serial No. LD–24*, 789 F.2d 627, 630 (8th Cir.1986). In *Beechcraft* the claimant never filed a verified claim and waited over a month and a half before filing an answer. The court held that the failure to comply with the time limits of Rule C(6) justified the district court's striking of the untimely filed answer and subsequent granting of default judgment to the plaintiff. The court noted that "a more liberal approach might be appropriate if Brown had timely petitioned the court to grant an extension of time, or if he could show that he had never received actual notice of the complaint...." *Id.* at 630.

Similarly, in *United States v. United States Currency Totaling $3,817.49*, 826 F.2d 785 (8th Cir.1987), the court affirmed the district court's entry of a default judgment after claimants filed a timely, but unverified, claim and an untimely answer. The court noted that defendant might have a remedy under Fed.R.Civ.P. 60(b) which allows a district court to "relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ...." *Id.* at 788.

In the motion for leave to file a second amended claim Toney acknowledges that he made a mistake in his interpretation of the rule and that the first two claims were insufficient since they were not verified.

Thus, his motion seems to suggest that this court allow the second amended claim to be filed under Rule 60(b), as if default judgment had already been entered. Since the timing of this motion presupposes the granting of default judgment, the court could consider it as a motion under Rule 60(b). Based on the current record, however, such a motion would be denied since Robinson does not appear to have met the requirements of Rule 60(b). First, the Eighth Circuit has clearly held that the provisions of Rule C(6) are to be strictly construed. This interpretation of the rule weighs against "second chances."

Secondly, and perhaps more importantly, the court notes the Eighth Circuit's language in *Beechcraft* stating that relief might be proper in a situation where a party had timely petitioned for an extension. 789 F.2d at 630. This dicta suggests that a claimant will only be excused from strict compliance if he or she makes a proper procedural effort to remedy the mistakes. In the present case no such effort was made until the motion to file the second amended claim. *See also United States v. One 1978 Piper Navajo PA–31 Aircraft*, 748 F.2d 316 (5th Cir.1984) ("While neglect of counsel should not necessarily cause a party to lose valuable property without a hearing ..., [claimant] had proper notice of the forfeiture proceedings, failed to appear to defend, did not request an extension of time from the court, and has not shown sufficiently why it did not comply with the notice. Thus, the district court did not abuse its discretion in finding no excusable neglect."). Despite the court's belief that the motion for leave could be considered under Rule 60(b), it will not do so in the present case since claimant faces a loss of property without a hearing. The court notes, however, that any motion which might be filed in the future should add something new to the record. Accordingly, it is

ORDERED that plaintiff's motion for default judgment is granted. It is further

ORDERED that defendant's alternative motion for a stay is denied as moot. It is further

ORDERED that Robinson's motion for leave to file a second amended claim is denied without prejudice to Robinson filing a formal motion for relief under Rule 60(b).