UNITED STATES of America, Plaintiff,

v.

UNITED STATES CURRENCY IN THE AMOUNT OF SEVEN THOUSAND FIVE HUNDRED THIRTY–ONE DOLLARS ($7,531) More or Less, Assorted Jewelry Valued at Twenty Thousand and Thirty Dollars ($20,030) More or Less, and Furs Valued at Two Thousand Five Hundred Dollars ($2,500) More or Less, Defendants.

No. 87 CV 1196.

United States District Court,
E.D. New York.

July 13, 1989.

Thomas A. Carr, Asst. U.S. Atty. (Andrew J. Maloney, U.S. Atty., E.D.N.Y.), for plaintiff.

Yahya Talib Quasim, pro se.

MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Yahya Talib Quasim ("the claimant") moves *pro se* pursuant to Fed.R.Civ.P. 60(b)(1) for an order vacating a Decree of Forfeiture and Order of Delivery entered by this Court on May 15, 1989. For the reasons discussed below, the motion is granted.

FACTS

On April 16, 1987, plaintiff filed a verified complaint seeking forfeiture of the defendant currency and personal property pursuant to 21 U.S.C. § 881. By letter dated May 21, 1987, claimant, who has been incarcerated on a New York State conviction since November 12, 1985, requested an extension of time to file an answer. In August, 1987, after unsuccessfully attempting to commence his own action action, claimant moved to dismiss the Complaint. On September 25, 1987, Judge Henry Bramwell denied the motion to dismiss and granted claimant an extension of time until November 10, 1987 to file a claim and answer.

A search for counsel ensued. Claimant alleges that he contacted seven private practitioners and several legal organizations, all of whom refused to take his case. Several attempts to secure *pro bono* counsel through the Eastern District's panel also failed. By order dated May 11, 1989, this Court ordered that no further appointments from the Court's panel of attorneys be appointed and directed claimant to proceed *pro se*.

On May 15, 1989, upon an application by plaintiff, with notice to the claimant and his wife, the Court issued a Decree of Forfeiture and Order of Delivery upon the default of any claimant—no answer to the Complaint had been filed by the claimant herein.

In a letter dated May 18, 1989, claimant requested an additional thirty days to respond to the Complaint and retain counsel. On May 30, 1989, claimant filed this motion to vacate the May 15, 1989 Decree of Forfeiture and Order of Delivery. On June 7, 1989, claimant filed a claim and answer.

## DISCUSSION

Fed.R.Civ.P. 60(b)(1) permits relief from a final judgment, order or proceeding upon a showing of "mistake, inadvertence, surprise, or excusable neglect." The factors that guide the Court's discretion include (1) whether the default was willful; (2) whether the defendant has a meritorious defense; and (3) the prejudice inuring to the non-defaulting party if relief is granted. *Davis v. Musler*, 713 F.2d 907, 915 (2d Cir.1983). Plaintiff does not claim that it will be prejudiced should the Court vacate the May 15, 1989 order.

Plaintiff argues that the default judgment was entered as a direct result of claimant's willful conduct in failing to file a claim and answer. The willfulness of claimant's conduct is demonstrated, plaintiff contends, by his failure to file the claim and answer for over two years, despite two extensions of time to do so.

The Court is satisfied, however, that based on the difficulty in obtaining counsel and the fact of his incarceration, claimant diligently attempted to pursue his claim. It adequately appears from the record that throughout the pendency of this action, claimant did everything he reasonably could be expected to do under the circumstances. *Cf. Ortiz v. Cornetta*, 867 F.2d 146, 148 (2d Cir.1989) ("Once a *pro se* litigant has done everything possible ... he should not be penalized by strict rules which might otherwise apply if he were represented by counsel.").

The second factor is whether claimant has presented a meritorious defense. Satisfaction of this element, however, does not rest on claimant's ability to "conclusively establish the validity of the defense(s) asserted." *Davis, supra,* 713 F.2d at 916. In his motion papers, claimant avers that he and his wife, Cerena M. Council Quasim, owned and possessed the defendant property, which was purchased from money derived from legitimate means, specifically his ownership of "Boo Boo's Sneaker World." The Court is satisfied that these allegations constitute a sufficient showing to justify vacating the order and permitting claimant to pursue his claim.

Based on the foregoing, the Court finds that claimant has not willfully defaulted in this action. Claimant's failure to timely file a claim and answer constitutes excusable neglect justifying vacation of this Court's May 15, 1989 Decree of Forfeiture and Order of Delivery.

## CONCLUSION

Claimant's motion pursuant to Fed.R.Civ.P. 60(b)(1) is hereby granted. This Court's May 15, 1989 Order is hereby vacated. Claimant shall serve and file an amended claim and answer to the Complaint on or before August 1, 1989.

SO ORDERED.