UNITED STATES of America, Plaintiff,

v.

A SINGLE STORY DOUBLE WIDE TRAILER, gray in color with black bars on the windows, located at R.D. 4, Box 382E, Seaford, Delaware, Serial No. 100165ABX; etc., and Charles Peterson, Defendants.

Civ. A. No. 89–127–JLL.

United States District Court, D. Delaware.

Dec. 8, 1989.

**150**

William C. Carpenter, Jr., U.S. Atty., and Carolyn T. Greene, Asst. U.S. Atty., Wilmington, Del., for plaintiff.

John A. Sergovic, Jr., Georgetown, Del., for defendant Charles Peterson.

### MEMORANDUM OPINION

LATCHUM, Senior District Judge.

### I. BACKGROUND

The United States filed a complaint for forfeiture *in rem*, and a warrant for the arrest, of a single story double wide trailer, gray in color with black bars on the windows, located at R.D. 4 Box 382E, Seaford, Delaware (Docket Item ["D.I."] 1) and other personal property on March 16, 1989.[1] The complaint alleged that the defendant property either constituted proceeds traceable to or was intended to facilitate illegal drug transactions conducted by Eric Batson ("Batson"). The warrant provided for a ten day period during which claims could be filed, and a twenty day period after filing a claim to file an answer. Accordingly, the last day a claim could be filed was March 26; the last day for an answer, Saturday, April 15.

---

1. Unless otherwise specified, all dates are in 1989.

Batson claimed ownership to all items listed in the complaint, except for the double wide trailer and a Chevy Blazer (D.I. 7). Batson stated that the trailer was owned by Charles Peterson ("Peterson"). An amended complaint (D.I. 8) was filed on April 12, followed shortly by a supplemental amended complaint filed on April 14 (D.I. 9). Batson's answer to the supplemental amended complaint again denied ownership of the trailer. *See* D.I. 11 (filed April 19).

Peterson accepted service of a summons and complaint concerning the trailer pursuant to Federal Rule of Civil Procedure 4(c)(2)(C)(ii) on April 26 (D.I. 17). Two days later the United States served Peterson with a request for documents. *See* D.I. 32 at Exhibit ("Ex.") 2. Peterson never responded to this request. The United States Attorney entered default and moved for default judgment on May 5 (D.I. 19). This motion alleged that notice giving claimants twenty days to file claims for the property of concern in the complaint was published, pursuant to court order, on April 12. The motion further alleged that May 2 was the twentieth day after publication and that no claim for the trailer had been filed. This Court entered an Order of Default Judgment and a Decree of Forfeiture on May 9 (D.I. 19).

Peterson first telephoned the United States Attorney's office on or about May 31, 1989. Peterson was not heard from again until September 21, when his attorney entered an appearance (D.I. 24). On the same date a motion "for stay in proceedings to enforce a judgment and to open judgment" was filed pursuant to Federal Rules of Civil Procedure 60 and 62 (D.I. 25).[2]

## II. DISCUSSION

Federal Rule of Civil Procedure 60(b) permits a district court to set aside a default judgment if the moving party can show "(1) mistake, inadvertence, surprise, or excusable neglect ... (3) fraud ... misrepresentation, or other misconduct of an adverse party ... (6) any other reason jus-

tifying relief from the operation of the judgment." Default judgments are not favored in the Third Circuit; any doubts must be resolved in favor of the moving party so that the case may be heard on the merits. *See United States v. $55,518.05 in United States Currency,* 728 F.2d 192, 194–95 (3d Cir.1984); *see also United States v. One Parcel of Real Property,* 763 F.2d 181, 183 (5th Cir.1985) ("because modern federal procedure favors trials on the merits, '[a]n abuse of discretion need not be glaring in order to justify reversal.'" (citation omitted)).

■ The decision to set aside a default judgment is within the discretion of the district court. *See One Parcel of Real Property,* 763 F.2d at 183; *$55,518.05 in United States Currency,* 728 F.2d at 194. The court must, however, apply three factors in order to properly exercise its discretion: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct." *$55,518.05 in United States Currency,* 728 F.2d at 195; *see One Parcel of Real Property,* 763 F.2d at 183; *United States v. United States Currency in the Amount of Seven Thousand Five Hundred Thirty–One Dollars ($7,531),* 716 F.Supp. 92, 93 (E.D.N.Y.1989); *United States v. Real Property Located in Sevier County,* 703 F.Supp. 1306, 1310 (E.D.Tenn. 1988).

Prejudice, in this context, may be shown by delay that makes discovery more difficult, causes the loss of evidence, or increases the probability of fraud or collusion. *See Real Property Located in Sevier County,* 703 F.Supp. at 1310. The United States does not argue that it has been prejudiced by Peterson's actions. *See* D.I. 32 at 12.

■ In order to meet the burden of showing the existence of a meritorious defense, the claimant need not conclusively prove his case. Peterson must show that his allegations, *if proved true at trial,* would establish a complete defense to the

---

2. The Brief in support of this motion relies only on Rule 60. *See* D.I. 29.

forfeiture. *See $55.518.05 in United States Currency*, 728 F.2d at 195. In his Opening Brief, Peterson alleges that he "was guilty of no wrongdoing ... [and] had no knowledge of any illegal acts committed in or around" the trailer. D.I. 29 at 6; *see id.* at 16. The Court will consider this an assertion of the "innocent owner defense," as provided for in § 881(a)(4)(C) and § 881(a)(7).[3] The Third Circuit has held that a claimant "can show innocent ownership by proving by a preponderance of the evidence that the illegal use of the property occurred either without his knowledge *or* without his consent." *United States v. Parcel of Real Property Known as 6109 Grubb Road*, 886 F.2d 618, 626 (3d Cir.1989).[4]

■ Peterson bears the burden of pleading facts that, if proven at trial, would show that if the trailer were used for illicit purposes, it was without his knowledge or without his consent. In support of his defense, Peterson alleges only that: (1) he is innocent of wrongdoing, *see* D.I. 29 at 12, 16; (2) that he had no knowledge of illegal activity, *see id.;* and (3) that he had no duty to monitor the activities going on at the trailer. *See id.* at 12.[5] No factual allegations are made in support of the first two allegations. The pleading of conclusory statements or simple denials, without alleg-

ing the specific facts supporting the claim, is insufficient to establish a meritorious innocent owner defense. *See $55,518.05 in United States Currency*, 728 F.2d at 195. Peterson has failed to meet his burden of establishing the existence of a meritorious defense.

■ Further, a showing of a meritorious defense includes a demonstration that the claimant has the requisite standing to assert his claim. Peterson never filed a verified claim for the trailer, as required by Rule C(6). *See* Supplemental Rules for Certain Admiralty and Maritime Claims, Rule C(6). Only by filing a verified claim, in accordance with C(6), can a claimant demonstrate that he has a sufficient interest in the seized item to satisfy standing requirements. In *United States v. One 1978 Piper Navajo PA-31 Aircraft*, 748 F.2d 316 (5th Cir.1984), the court denied a motion to set aside a default judgment because, in part, the claimant failed to file a verified claim. The filing of a verified claim was deemed to be an essential part of demonstrating the existence of a meritorious defense. *See id.* at 319; *see also United States v. Properties Described in Complaints*, 612 F.Supp. 465, 467 (D.C.Ga.1984) ("The entire purpose of the claim is to establish the requisite standing to enable the claimant to pray for its return."), *aff'd*

---

3. The statute states that "no conveyance shall be forfeited under this paragraph to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge, consent or willful blindness of the owner." 21 U.S.C. § 881(a)(4)(C) (West Supp.1989). Similarly, there is an innocent owner defense provided for owners of real property. *See id.* at § 881(a)(7). The Court will assume that the double wide trailer in question is either a "conveyance" or real property within the meaning of these sections. The United States concedes that the innocent owner clause applying to real property is available to an owner of a "trailer that is attached to the land in question...." D.I. 32 at 11 n. 7. The analysis is the same under either provision. *See infra* note 4.

The double wide trailer in question could be considered a conveyance within the meaning of the forfeiture law. Conveyances include vehicles. *See id.* at § 881(a)(4). Under Delaware law: "'Vehicle' means every device in, upon or by which any person or property is *or may be* transported or drawn upon a public high-

way...." Del.Code Ann. tit. 21, § 101(48) (emphasis added). Trailers fall within this definition of vehicle, *see* Del.Code Ann. tit. 21, § 101(45), and thus are conveyances under 21 U.S.C. § 881(a)(4)(C).

4. *Parcel of Real Property Known as 6109 Grubb Road* concerned real property and applied the innocent owner provisions of § 881(a)(7). The innocent owner provisions of §§ 881(a)(4), (6), and (7), however, should be interpreted *in pari materia*. *See* D. Smith, Prosecution and Defense of Forfeiture Cases § 4.02[4][a] n. 12 and accompanying text (1989) (citing Joint Explanatory Statements of Titles II and III, P.L. No. 95–633, 95th Cong. 2d Sess., *reprinted in* 1978 U.S.Code Cong. & Admin.News 9518, 9522–23). *Parcel of Real Property Known as 6109 Grubb Road*, therefore, provides appropriate guidance for the instant action regardless of which section applies.

5. The Court does not rule on the relevancy of the third contention. *See infra* note 7.

sub. nom., U.S. v. One 1979 Mercedes Benz, 779 F.2d 58 (11th Cir.1985). A failure to file a verified claim will only be excused if an action by the government caused the non-compliance. *See United States v. Real Property in Sevier County*, 703 F.Supp. 1306, 1311 (E.D.Tenn.1988) (finding no such action by the government and denying a motion to set aside default). There is no such evidence in the present record. Peterson received timely notification of the *in rem* proceeding, yet did not contact the United States Attorney's Office until after default judgment had been entered.

■ An entry of appearance and a motion to stay proceedings and to open judgment is insufficient to meet the requirements of Rule C(6). *Cf.* Properties Described in Complaints, 612 F.Supp. at 466 (holding that a "Claim and Answer" did not meet the requirements of Rule C(6)). Peterson does not have standing to assert his claim.[6] He has failed to show that he has a meritorious defense or that he has standing to assert such a defense. The second factor, therefore, weighs against his motion.[7]

■ The final factor to be considered is whether Peterson is culpable for the default. In order for Peterson to prevail on his motion, this Court must find that he acted within a reasonable time of the default judgment. *See United States v. 5708 Beacon Drive*, 712 F.Supp. 525, 527 (S.D. Miss.1988), *aff'd*, 875 F.2d 859 (5th Cir. 1989); Fed.R.Civ.P. 60(b). Further, Peterson must have a justifiable reason for failing to interpose a timely claim. *See One*

*1978 Piper Navajo PA–31 Aircraft*, 748 F.2d at 319. The Third Circuit uses six factors to analyze whether a plaintiff has shown excusable neglect:

1) whether the inadvertence reflected professional incompetence such as ignorance of rules of procedure, 2) whether an asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court, 3) counsel's failure to provide for a readily foreseeable consequence, 4) a complete lack of diligence or 5) whether the inadvertence resulted despite counsel's substantial good efforts towards compliance. Moreover, we also consider whether the enlargement of time will prejudice the opposing party.

*See Dominic v. Hess Oil V.I. Corp.*, 841 F.2d 513, 517 (3d Cir.1988) (citations omitted). Applying a more lenient standard to reflect Peterson's lack of counsel at the time he was served, the Court finds that there was no excusable neglect in this case. Peterson was not ignorant of the fact that he was required to respond to the complaint. His inability to find counsel is not easily verifiable by the court. The complaint and summons informed him that if he did not respond the trailer would be forfeited. The fact that he ignored the clear instructions provided, and that he ignored the subsequent request for documents, demonstrates both a lack of diligence and of a good faith effort to comply. The only factor weighing in Peterson's favor is that the United States has not asserted that it was prejudiced.

■ Extreme difficulty in obtaining representation is a mitigating factor in the

---

6. Having found that Peterson does not have standing to assert his claim based on his failure to comply with Rule C(6) of the Supplemental Rules of Certain Admiralty and Maritime Claims, the Court does not reach the issue of whether Peterson is the owner of the trailer within the meaning of the forfeiture statute. *Cf. United States v. One 1945 Douglas C–54 (DC–4) Aircraft*, 604 F.2d 27, 28 (8th Cir.1979) ("bare legal title to the res may be insufficient to establish ownership"), *on appeal after remand*, 647 F.2d 864, 866–67 (8th Cir.1981) (person possessing title in order to perpetrate a subterfuge does not have standing to assert ownership), *cert. denied*, 454 U.S. 1143, 102 S.Ct. 1002, 71 L.Ed.2d 294 (1982).

7. Because Peterson has not met the meritorious defense requirement on the two grounds discussed above, the Court need not reach the issue of whether Peterson, in the circumstances of this case, had an affirmative duty to police the activities taking place at the trailer. *Cf. Parcel of Real Property Known as 6109 Grubb Road*, 886 F.2d at 627 ("What, *if any*, applicability the following *dictum* ... has to the innocent owner defense will be for the district court to decide: 'that he [claimant] had done all that reasonably could be expected to prevent the proscribed use of his property....'") (emphasis added).

analysis. *See, e.g., United States Currency in the Amount of Seven Thousand Five Hundred Thirty–One Dollars*, 716 F.Supp. at 93 (holding that an incarcerated individual who has contacted a number of private practitioners, legal organizations, and made several attempts to secure pro bono counsel before being directed to proceed pro se, was not culpable for the default judgment). However, repeated efforts to find an attorney do not constitute excusable neglect where the claimant does not attempt to enter a pro se appearance or to explain the situation to the opposing party or the court. *See Original Appalachian Artworks, Inc. v. Yuil International Trading Corp.*, 105 F.R.D. 113, 116 (S.D.N.Y.1985). Peterson has not met his burden on this third factor.

 Peterson also argues that the deletion of the first three numbers of the trailer's vehicle identification number from this Court's Order makes the seizure of the trailer invalid.[8] The bases of this argument are Del.Code Ann. tit. 21, §§ 2302 and 2510. Section 2302 states that "[a]ny person who ... receives or acquires in any transaction any new or used trailer ... shall apply ... for an original certificate of title.... Such application shall contain ... the trailer serial number...." Additionally, Section 2510 provides that "[w]henever the ownership of any motor vehicle passes otherwise than by voluntary transfer, the new owner *may* obtain a certificate of title ... when [the Public Safety Department is] satisfied of the genuineness and regularity of such transfer...." (emphasis added).

Sections 2302 and 2510, Peterson argues, deprive the forfeiture of validity because "no document of authority ... shall have the power to effect transfer of title ... unless it carries the proper identification, i.e., the Vehicle Identification Number...." D.I. 29 at 9. This argument is misplaced because neither cited section is applicable to the present situation. By its terms, Section 2510 applies only to motor vehicles. The Delaware Code defines motor vehicle

as "every vehicle ... which is self-propelled...." Del.Code Ann. tit. 21, § 101(20). The trailer is not self-propelled and Section 2510 does not govern its transfer. Because the United States has not applied, in this action, to the Public Safety Department for an original certificate of title, Section 2302 is also inapplicable.

Finally, and perhaps most importantly, Peterson does not claim that he was in anyway prejudiced by the deletion of the first three numbers of the serial number. Indeed, Peterson states that the description of the trailer in the complaint "conformed in all respects to the trailer ... except with regard to the erroneous Serial Number." D.I. 29 at 3. Rule E(2)(a) of the Supplemental Rules governs the form of the complaint in the instant action. *See United States v. $199,514.00 United States Currency*, 681 F.Supp. 1109, 1110 (E.D.N.C. 1988); *see also* Rule E(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Except as otherwise provided, this rule applies ... to actions *in rem* ... supplementing Rules B, C, and D."). Rule E(2)(a) states: "In actions to which this rule is applicable the complaint shall state the circumstances from which the claim arises with such particularity that the ... claimant will be able, without moving for a more definite statement, to commence an investigation of the facts to frame a responsive pleading." Peterson's statements and Brief make it clear that a more definite statement was not needed for him to respond to this *in rem* action. Because the complaint conforms to Rule E(2)(a), Peterson's argument concerning the incorrect serial number fails.

### III. CONCLUSION

Peterson has not met the requirements imposed by Federal Rule of Civil Procedure 60(b) on a moving party. Peterson's failure to file a claim was not caused by "mistake, inadvertence, surprise, excusable neglect," or misconduct on the part of the United States Attorney's Office. Peterson

---

**8.** Peterson's affidavit is the only evidence in the record that the serial number stated in the warrant is incorrect.

has offered no other reason justifying relief from the May 9 judgment. The motion under consideration will be denied.