**UNITED STATES of America, Plaintiff,**

**v.**

**TWO (2) ACRES OF LAND AND PERSONAL PROPERTY, LOCATED IN The FIRST JUDICIAL DISTRICT OF HARRISON COUNTY, MISSISSIPPI, Described as Follows: Beginning 396 feet South of the Northeast corner of the Southeast ¼ of the Southwest ¼, Section 18, Township 7 South, Range 13 West, First Judicial District of Harrison County, Mississippi, and run thence West a distance of 1320 feet; thence run South 165 feet to the point of beginning of the property herein described; thence from said point of beginning, run further South a distance of 165 feet; thence run East a distance of 528 feet; thence run North a distance of 165 feet; thence run West a distance of 528 feet to the point of beginning, containing 2 acres, more or less. Together with all and singular, the rights, privileges, improvements and appurtenances to the same belonging or in any wise appertaining; and, also All improvements, buildings, structures, appurtenances, all contents of said improvements, buildings, struc-**

---

tures, and appurtenances, together with any and all fixtures, furnishings, goods, wares, appliances, jewelry, gold, silver, currency, cash, artifacts, implements, machinery, equipment, lumber, livestock and property of every description, both real and personal, located on said Two (2) Acre tract.

Civ. A. No. S89-0844(R).

United States District Court,
S.D. Mississippi, S.D.

April 8, 1992.

Donald M. Waits, Asst. U.S. Atty., Biloxi, Miss., for plaintiff.

Fred J. Lusk, Jr., Biloxi, Miss., for defendant.

## JUDGMENT OF FORFEITURE

DAN M. RUSSELL, Jr., District Judge.

On April 3, 1992, this Court heard and considered the dispositive motion filed herein by the United States of America (Government) entitled, "Motion to Strike and for Default Judgment of Forfeiture or Summary Judgment," and the motion filed by counsel for the claimants entitled, "Motion to Withdraw"; and based upon the documents on file in this action, evidentiary matter presented to the Court in the court file and in support of the dispositive motion and representations made in open court by the claimant, Shamala B. Page, who was present pursuant to the Court's notice of this hearing, the Court finds and adjudicates as follows:

1. This is an *in rem,* civil forfeiture action against the defendant property described above in the caption hereto. There have been two parties, Kenneth W. Page, Sr., (a/k/a Kenneth Page) and Shamala B. Page (referred to hereinafter as Mr. Page and/or Ms. Page), who have filed documents in this action which are purported to be claims to defendant property. The

attorney of record for both Mr. Page and Ms. Page is Frederick J. Lusk, Jr., who has filed the aforesaid motion to be authorized to withdraw as counsel for Ms. Page. In open court, Mr. Lusk has indicated that he is not going to pursue that motion to withdraw as counsel; therefore, the relief sought thereby should be denied.

2. As to the purported claim of Mr. Page, the evidence before this Court shows without question that he no longer has an interest in defendant property. (Declaration of Waits, Exhibits "B" and "C."). Mr. Page was charged by information in Criminal Case Number S91–00023(G) in this Court with a violation of 21 U.S.C. § 846, conspiracy to possess marijuana with intent to distribute, a crime punishable under Title 21, *United States Code* by more than one year's imprisonment. He pleaded to and was found guilty of that crime; and on May 13, 1991, he was sentenced to three years imprisonment. As part of this procedure, Mr. Page and his attorney executed a document entitled, "Memorandum of Understanding"—a plea bargain agreement—wherein Mr. Page agreed to the following:

> ... By this agreement, the Defendant agrees to forfeit all interest in [defendant property and other properties] ... and to take whatever steps are necessary to pass clear title to the United States. These steps include but are not limited to surrender of title, the signing of a consent decree, a stipulation of facts regarding the transfer and basis for the forfeitures and signing any other documents necessary to effectuate such transfers....

>    .    .    .    .    .

> Further, the said defendant admits that [defendant property and other properties] ... were used to facilitate and/or constitutes proceeds or ultimate proceeds

of his illegal activities as charged in the information; and that he does hereby waive any right or rights he may have to claim the said property in any subsequent administrative and/or judicial forfeiture proceeding; and any such claim previously filed is hereby withdrawn.

By this agreement alone, Mr. Page has admitted a substantial connection between his crimes and defendant property, has effectually waived all of his rights thereto and withdrawn his purported claim in this action. Not only is the Government entitled to a default judgment against the interests of Mr. Page in defendant property; but he, by this agreement and his subsequent conviction, is collaterally estopped from claiming an interest therein.[1] Accordingly, the Government is entitled to a summary judgment against his interests as well.

3. The interest of Ms. Page should be treated in similar fashion. Ms. Page was present at the hearing on April 3, 1992; and after conferring with Attorney Lusk, announced to the Court, personally as well as through Mr. Lusk, that she desired to release her interest in defendant property to the Government. A record was made of her statements to the Court, and the Court is of the opinion that her release was given intelligently, freely and voluntarily, without promises, threats or coercion (or even encouragement) from the Government or anyone. In the Court's presence and in open court, the Government presented to Ms. Page for review and signing a document entitled, "Stipulation for Settlement, Withdrawal of Claim and Release of Property." After deleting paragraph 2 from that document, the paragraph in which Ms. Page would be admitting her knowledge of Mr. Page's illegal activities [2] and initialing such deletion, Ms. Page, Attorney Lusk and the Assistant United States Attorney all signed the document and submitted a

---

**1.** See *U.S. v. "Monkey" a Fishing Vessel, U.S. Registry, Official No. 546240, etc.,* 725 F.2d 1007 (5th Cir.1084) and *U.S. v. $31,697.59 Cash, et. al.,* 665 F.2d 903 (9th Cir.1982).

**2.** The Court recognizes that Ms. Page has not admitted any knowledge of the illegal activities of Mr. Page; however, while such is recognized, the Court does not intend this to be a factual finding that Ms. Page did not know of those illegal activities. Ms. Page, through this lack of admission or otherwise, still has presented no facts that would overcome the Government's initial showing of probable cause that she did have such knowledge.

copy thereof to the court reporter to be made an exhibit to this hearing, with the original to be filed with the Clerk's office for placement in the court file in this matter. As to the rights of Ms. Page to defendant property, that stipulation provides as follows:

1. ... Mrs. Page ... hereby withdraw[s] the documents filed by ... [her] on January 16, 1990, entitled, ... "CLAIM OF SHAMALA B. PAGE," and "ANSWER TO COMPLAINT FOR FORFEITURE AND AFFIRMATIVE DEFENSES."

. . . . .

3. ... All the interests of ... Mrs. Page in and to defendant property ... [is] hereby released and quitclaimed unto the United States of America to be disposed of by the United States Marshal Service in accordance with law and regulations. Further, ... Mrs. Page ... hereby waive[s] the requirement of notice to ... [her] as required by Fed.R.Civ.P., Rule 55(b)(2) and do[es] agree that a default judgment against ... [her] may be entered herein without further notice....

Accordingly, Ms. Page has withdrawn her claim in this matter, has agreed to the entry of a default judgment and has quitclaimed her interest to the Government. For this reason, the Government is entitled to a Default Judgment of Forfeiture against her interests in defendant property and for collateral estoppel reasons, as in the case of Mr. Page, a summary judgment against her as well.

4. Even though the Government is entitled to a default and summary judgment for the reasons stated above, the same relief should be granted because of the deficiencies in the pleadings filed herein by Mr. and Ms. Page. Supplemental Rules pertaining to Certain Admiralty and Maritime Claims, Rule C(6) in pertinent part provides as follows:

... The claimant of property that is the subject matter of an action *in rem* shall file a claim within 10 days AFTER PROCESS HAS BEEN EXECUTED ... and shall serve an answer within 20 days after filing of the claim. The claim shall be VERIFIED ON OATH OR SOLEMN AFFIRMATION.... If the claim is made on behalf of the person entitled to possession by an agent, bailee, or attorney, IT SHALL STATE THAT THE AGENT, BAILEE OR ATTORNEY IS DULY AUTHORIZED TO MAKE THE CLAIM. (Capitalization added).

▆▆▆ For the following reasons, none of the documents filed on behalf of Mr. Page and Ms. Page satisfy these requirements:

a. The respective claims of Mr. Page and Ms. Page were not timely filed. Under Rule C(6), *supra*, they had ten days after execution of process within which to file their claims. A recent case from the United States Court of Appeals for the Fifth Circuit has clarified when "process has been executed" and determined exactly when that 10 day period begins to run.[3]

In essence, it holds that the arrest of the *res* in an *in rem* civil forfeiture action constitutes "execution of process."[4] The case recognizes, however, a situation in which a prospective claimant might not be aware of the arrest of the property. In this situation, the 10 day period for filing a claim would not commence running until that claimant receives some type of notice of the forfeiture action.[5] Therefore, receipt of notice could occur either on the date the property is arrested (as here), the date some form of notice is received through other means (as the mail), or after publication of notice, whichever occurs first. According to the Declaration of William L. Hogg, the Deputy United States Marshal who executed the process in this case, both Mr. Page and Ms. Page were present on December 16, 1989, when defendant property was arrested. While the warrant for the arrest of property, with the attached complaint for forfeiture and court order di-

---

**3.** *United States v. $38,570 U.S. Currency,* 950 F.2d 1108 (5th Cir.1992).

**4.** *Id.* at 1113.

**5.** *Id.*

recting issuance of the warrant and notice, was physically delivered to Mr. Page, he handed it to Ms. Page who read it. A discussion ensued, pertaining to this matter, between both of them and Deputy Marshal Hogg; and Mr. and Ms. Page signed an occupancy agreement with the Government wherein they were allowed to continue in occupancy of the property pending judicial determination of their rights.

Under these circumstances and in line with *United States v. $38,570 Cash*, supra, Mr. Page and Ms. Page had due and proper notice on December 16, 1989, the date the property was arrested; and they each had 10 days thereafter, or until January 2, 1990, within which to file their respective claims. Their claims were not filed until January 16, 1990, fourteen days late.[6] Accordingly, the claims of Mr. Page and Ms. Page should be stricken.

b. Of equal importance is the fact that neither claim is verified on solemn oath or affirmation and the fact that although each claim is signed by Attorney Lusk, there is no statement to the effect that he was duly authorized to make the claims—both deficiencies under Supplemental Rules pertaining to Certain Admiralty and Maritime Claims, Rule C(6), supra. These deficiencies standing alone are enough to defeat the claims of Mr. Page and Ms. Page.[7] See *United States of America v. One 1978 Piper Navajo PA–311, Aircraft, Etc.*, 748 F.2d 316 (5th Cir.1984) as to failure to comply with the procedures required by Rule C(6) and *United States of America v. One Parcel of Real Property with Buildings, etc., Known as Lot 17, Block 8, Auburn Hills, Second Plat, a Subdi-*

*vision in Grandview, Jackson County, Missouri*, 685 F.Supp. 1123 (W.D.Mo. 1988) as to default under similar circumstances.

These are not the only authorities ruling on issues pertaining to claimants' deficiencies in following the literal wording of Supplemental Rules, Admiralty and Maritime Cases, Rule C(6). Each circuit and numerous district courts have encountered these issues on several occasions and uniformly have ruled against the claimant.[8] A sampling of these cases follows: *United States v. Properties Described in Complaint, 764 Rochelle Drive, et al.*, 612 F.Supp. 465 (D.C.Ga. 1984). In this case, the Court granted the Government's dispositive motion, calling claimants motion to amend claim "meritless." There was nothing to amend because there had been no adequate claim filed within the C(6) ten day period. Without a claim, the answer had to be stricken. *Id.* 467.[9] *United States v. Premises Known as Lots 14, 15, 16, 19, 47 and 48, etc.*, 682 F.Supp. 288 (E.D.N.C.1987). This is a case in which a claimant filed an answer but no claim. Holding that the claimant had no standing and striking the answer, the Court, also, ruled that attorney negligence was no excuse for the problem. *United States v. A Single Story Double Wide Trailer, etc.*, 727 F.Supp. 149 (D.Del. 1989). In addition to supporting the "no claim, no standing" rule, this case distinguishes the two or three instances in which the courts have excused Rule C(6) deficiencies stating that a "failure to file a verified claim will only be excused if an action by the government caused the non-compliance." *Id.* at 153. *U.S. v. One 1978 BMW VIN NO. 5391202*, 624

---

6. The Court, also, notes that no motion was filed under Fed.R.Civ.P. Rule 6(b), seeking an extension of the 10 day period nor has one been filed seeking authority for a late filing. Therefore, the requirements of Rule 6(b) are not an issue in this case.

7. Before an answer is proper, there must have been a proper claim filed. See Supplemental Rules pertaining to Certain Admiralty and Maritime Cases, Rule C(6) and *United States of America v. Fourteen (14) Handguns, et al.*, 524

F.Supp. 395, 397 (S.D.Tex.1981). Since it is axiomatic that the answer must be stricken if the claims are not proper, there will be no in depth discussion of that issue in this opinion.

8. This is true except on two (2) or three (3) occasions in which Government action misled a claimant and caused the Rule C(6) deficiency.

9. This case, also, distinguishes two (2) rare cases in which failure to timely file is excused.

F.Supp. 491 (D.Mass.1985). The no timely claim, no standing rule is upheld here and default judgment granted after striking the deficient claim. *United States v. Fourteen Handguns, et.al.,* 524 F.Supp. 395 (S.D.Tex.1981). This is an oft-cited authority which sponsors the no adequate/timely claim, no standing rule and stands for the proposition no claim, no answer. *United States v. One Parcel of Real Property ... Known as Lot 17, Auburn Hills, A Subdivision in Grandview, Jackson County, Missouri, etc.* 685 F.Supp. 1123. Here, claimant filed a timely claim, but it was not verified. The Court ruled no standing. *United States v. Beechcraft Queen Airplane Serial Number LD-24,* 789 F.2d 627 (8th Cir.1986). In addition to sustaining the no adequate/timely filed claim, no standing rule, the 8th Circuit, also, distinguishes the two (2) or three (3) instances in which a failure to file an adequate or timely claim is excused. *United States v. $536,039.00 in United States Currency,* 760 F.Supp. 575 (S.D.Miss.1990). A case with local flavor, it too, sustains the no adequate/timely claim, no standing rule.

Since the claims were not timely filed and no excusable neglect has been shown, the claims are not verified, and the claims were made by a third party without the required statement as to his authority, the claimants, Mr. Page and Ms. Page, have no standing in this matter and their claims and the answer should be stricken and a default and/or summary judgment granted.

■ 5. The Government raises one final issue that standing alone without regard to the propositions discussed above would entitle it to a summary judgment against the interest of Mr. Page and Ms. Page to defendant property. The Government proposes that neither Mr. Page nor Ms. Page, through their respective claims, answers, discovery requests or otherwise, have presented facts sufficient enough to overcome the Government's showing of probable cause.

The test of whether or not a party is entitled to a summary judgment is always whether or not there is a genuine issue of material fact and the moving party is entitled to the summary judgment as matter of law. Fed.R.Civ.P., 56. In a forfeiture action, this test must be applied in conjunction with the rules pertaining to forfeitures.

In this type of action, the Government has only to establish that it has probable cause, i.e., reasonable ground for belief of guilt supported by less than prima facie proof but more than a mere suspicion. *United States of America v. One 1975 Ford F100 Pickup Truck SN F10YUV83579,* 558 F.2d 755, 756 (5th Cir. 1977). In the present case, probable cause was established by the Declaration of Regina S. Dimitry and as found by the order of John M. Roper, United States Magistrate Judge, dated December 15, 1989. This simply means, as alleged in the verified complaint filed herein, that there is reasonable ground for the belief that the defendant property constitutes proceeds traceable to an exchange of a thing of value for a controlled substance in violation of Title 21, *United States Code* [21 U.S.C. § 881(a)(6) ] and/or "... is real property ... used ... to commit, or to facilitate ... a violation of [Title 21 *United States Code* ], punishable by more than one year's imprisonment" [21 *United States Code,* Section 881(a)(7) ]; that the owner of defendant property, participated in, knew of and/or consented to the use of defendant property, as aforesaid; and that it has, therefore, been forfeited to the USA pursuant to Title 21 *United States Code,* Section 881(h).

■ Once probable cause has been established, as has been adjudicated here, a claimant must then demonstrate by a preponderance of the evidence that the defendant property was not used to commit such a violation of Title 21 *United States Code* or that he is otherwise an innocent owner.[10] See *One 1975 F100 Ford Pickup Truck, etc.,* supra. In the context of a motion for summary judgment in a forfeiture proceed-

10. The innocent owner defense was legislatively inscribed into 21 *United States Code,* Section

881 after *One 1975 F100 Ford Pickup Truck, etc.,* supra.

ing, the claimant must show, at the very least, by a preponderance of the evidence that there is in fact a genuine issue of material fact.

In this case, the Court has before it the probable cause finding by Judge Roper. The facts supporting this finding are evinced by the complaint and the Dimitry Declaration [11] attached thereto. Such probable cause has not and cannot be refuted to the extent of creating a genuine issue of material fact in that—

a. The only factual matter that opposes the forfeiture is contained in the answer filed by the claimants. That document does not state in detail the reasons why the allegations of the complaint are not true or the reasons why there is no probable cause. The answer merely contains general denials of all the allegations and the Dimitry Declaration and raises, without factual basis, the innocent owner defense. This is insufficient to overcome the Government's showing of probable cause or to create in a forfeiture case in which probable cause has been found, a genuine issue of material fact. See *United States v. Lot 9, Block 2, Donnybrook Place, Harris County, Texas*, 919 F.2d 994, 997 (5th Cir.1990) to the effect that—

> To effectively refute the government's proof, Roberts may not rest upon mere denials of the government's complaint but "must set forth specific facts showing that there is a genuine issue for trial." ... The general denials in his answers to the government's interrogatories do not meet this burden....

b. The Government sought more detailed information through interrogatories and requests for production forwarded to Ms. Page. However, as claimed by the Government, Ms. Page was uncooperative in responding to those discovery requests. As shown by Exhibits "E" and "G", Declaration of Donald M. Waits, the interrogatories she did answer were evasive, incomplete and still furnished no detailed information to show how she could overcome the Government's probable cause in this matter. Further, she has not even attempted to respond to the Government's request for production.

Interrogatory 3 was designed to obtain more detailed information about the acquisition of defendant property and the building of the Page home thereon. Information received by the Government (Declaration of Regina S. Dimitry) shows that Mr. Page and Ms. Page used cash money to pay for the entire property and home. While Ms. Page does attempt to itemize the cost of the land and the house, very little is submitted to verify the source of those funds. She fails to give dates, names, etc., and, not having even attempted to respond to the request for production, has not furnished any documentary evidence that would overcome the Government's showing of probable cause that defendant property is proceeds traceable to illegal drug activities.

With this same line of reasoning, the Government attempted to obtain through Interrogatory 4, certain employment and income tax information about the claimants. Here again, Ms. Page furnished evasive and incomplete statements and certainly nothing to the extent that would overcome the Government's probable cause showing that illegal drug trafficking was the only source of income the claimants had sufficient enough to purchase defendant property and pay cash for the home that was built upon it.

Interrogatories 5 and 6, likewise, seek more detailed information, witnesses and documentation from Ms. Page that could overcome the Government's showing of probable cause that she is not an innocent owner. Certain parts of these interrogatories, also, afford her additional opportunities to provide detailed information to overcome the Government's probable cause that defendant property was acquired with proceeds from illegal drug

---

**11.** This is again presented to the Court as part of the Itemization of Facts supporting the dispositive motion herein.

sales and that Ms. Page had knowledge of the source. Her answers here are just as evasive, incomplete and still constitute nothing more than the general denials already contained in the Answer.[12]

c. To further complicate this matter insofar as Ms. Page is concerned, her husband has admitted that defendant property was used to facilitate illegal drug transactions and that it constitutes proceeds traceable to such transactions. He, at least, is collaterally estopped to deny these admissions. For Ms. Page to sustain her plea of innocent ownership she must present detailed facts to show how she resided there and did not know what was going on nor where the cash money was derived that paid for the home. (She must, also, disprove the Government's probable cause that she participated in the drug activity. See Itemization of Facts, Declaration of Dimitry.). By her unsupported general denials and allegations in the answer and her almost-absolute obstinance in not responding to the discovery request, she has left numerous questions unanswered. Questions that she must answer with detailed analysis to overcome the Government's showing of probable cause. The burden is on her to provide these answers and the factual bases' surrounding them. She has not and, apparently, cannot provide this analysis.

At this point, neither she nor Mr. Page have in any way rebutted the Government's showing of probable cause and have not shown that there is any genuine issue of material fact. Therefore, the Government is entitled to a judgment as a matter of law. Also, see *United States of America v. Little Al a/k/a Texas Ranger, Etc., et al.*, 712 F.2d 133 (5th Cir.1983); *United States of America v. One 1975 Mercedes 280S, VIN. 110922-12-017823, Etc.*, 590 F.2d 196 (6th Cir.1978); and *United States of America v. One 1974 Porche 911-S VIN. 9114102550*, 682 F.2d 283 (1st Cir.1982).

For local flavor, see *United States v. A Parcel of Land in Lucedale, George County, Mississippi*, No. S90-0355(G) (S.D.Miss. May 21, 1991) and *United States v. 13.5 Acres of Land, Etc., in Hancock County, Mississippi*, No. S90-0039(G) (S.D.Miss. October 22, 1991).

6. In accordance with the court order of December 15, 1989, the Notice of Action and Arrest was duly published in the *Clarion Ledger*, a newspaper of general circulation in this district, with the last date of publication being January 31, 1990. In essence, that notice informed all persons claiming an interest in defendant property that they had 10 days from the date of publication within which to file their claims and 20 thereafter within which to file their answers. Other than the claims and answer filed by Mr. Page and Ms. Page, discussed above, which were due at an earlier date because they received reasonable and adequate notice earlier, there have been no other claims or answers filed herein and entry of default has been entered and motion for default filed by the Government. Therefore, default judgment is proper against defendant property and to the extent of their interest therein, against any persons claiming an interest in defendant proper.

IT, IS, THEREFORE, ORDERED AND ADJUDGED AS FOLLOWS:

1. The relief sought by the "Motion to Withdraw," filed by Frederick J. Lusk, Jr., Attorney, is hereby denied.

2. The documents filed herein entitled, "Claim of Kenneth Page," "Claim of Shamala B. Page," and "Answer to Complaint for Forfeiture and Affirmative Defenses," are hereby stricken.

3. A default judgment of forfeiture is hereby granted unto the United States of America against the defendant property described above and to the extent of their interests in defendant property, against Kenneth W. Page, Sr., Shamala B. Page, and any and all other persons and entities

---

12. The Itemization of Facts and the Declaration of Donald M. Waits show the measures that have been taken to get Ms. Page to furnish this information. No motion to compel was filed since it is her obligation to present a genuine issue of material fact to overcome the Government's probable cause.

having or claiming an interest in defendant property. Further, a summary judgment is hereby granted unto the United States of America against Kenneth W. Page, Sr., and Shamala B. Page to the extent of their interest in and to defendant property.

4. Thenceforth, defendant property shall be the property of the United States of America and any claim thereto or interest therein by Kenneth W. Page, Sr., Shamala B. Page and/or any and all persons having or claiming an interest therein be and the same is hereby cancelled, voided and held for naught.

5. Defendant property is hereby remanded to the custody and control of the United States Marshal for disposition in accordance with law and regulations and without further report, accounting, authorization or approval from the Court.

6. The United States Attorney is directed to have a certified copy of this judgment filed, indexed and recorded in the land records of the First Judicial District of Harrison County, Mississippi.