**UNITED STATES of America,
Plaintiff,**

v.

**TWO HUNDRED AND ONE, FIFTY POUND BAGS OF FURAZOLI-DONE, Defendant,**

**and**

**Alvin L. Malz, Intervenor.**

**Civ. No. 4572.**

United States District Court,
D. North Dakota,
Northeastern Division.

May 5, 1971.

Eugene K. Anthony, Asst. U. S. Atty., Fargo, N. D., for the Government.

Frank T. Knox, of Lanier, Knox & Olson, Fargo, N. D., and John C. Humpage, of Humpage & Stewart, Topeka, Kan., for intervenor, Alvin L. Malz.

## MEMORANDUM OPINION

RONALD N. DAVIES, District Judge.

This forfeiture action was commenced by the United States against 201 fifty-pound bags of Furazolidone seized within the District of North Dakota by agents of the Bureau of Customs, United States Treasury Department, from one Alvin L. Malz. Jurisdiction is predicated upon 28 U.S.C.A. § 1355.

Alleging that the Furazolidone had been introduced into the United States from a contiguous territory without having been reported to any customs official, in violation of 19 U.S.C.A. § 1459, and that the merchandise had been smuggled and clandestinely introduced into the United States, in violation of 18 U.S.C.A. § 545, forfeiture is sought pursuant to both 19 U.S.C.A. § 1460 and 18 U.S.C.A. § 545.

Contending that he was the owner of the Furazolidone and had a proprietary interest therein, Malz moved to intervene as a party defendant. The motion, not opposed by the plaintiff, was granted and there is now pending the intervenor's motion for summary judgment and for return of the seized merchandise. Before reaching the merits of the intervenor's motion it is necessary to consider the contention of the Government, in opposition thereto, that the motion is "* * * prematurely sought in that the Complaint for Forfeiture is procedurally brought under the Admiralty and Maritime Claims Section of the Federal Rules of Civil Procedure, * * *" and that the requisite verified claim has not been filed. Supplemental Rules for Certain Admiralty and Maritime Claims, rule C(6).

Rule A of the Supplemental Rules provides that:

"These Supplemental Rules apply to the procedure in admiralty and maritime claims within the meaning of Rule 9(h)[1] with respect to the following remedies:

\* \* \* \* \* \*

"(2) Actions in rem;

\* \* \* \* \* \*

"The general Rules of Civil Procedure for the United States District Courts are also applicable to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules."

Since a motion for summary judgment pursuant to Fed.Rules Civ. Proc. rule 56 may be made at any time by an adverse party and as such motion stays proceedings until such time as it is either granted or denied, it would not be inconsistent to consider a Rule 56 motion prior to requiring compliance with the Supplemental Rules for Certain Admiralty and Maritime Claims.[2]

In support of his motion for summary judgment and return of the Furazolidone, Malz has submitted a certified copy of a judgment entered on January 15, 1970, in the United States District Court, District of Minnesota, after a jury trial in which he was found not guilty as to Counts I and II of an indictment charging him with violations of 18 U.S.C.A. § 545, that is, the offenses of having smuggled and clandestinely introduced into the United States merchandise which should have been invoiced (the Furazolidone) and of having re-

---

1. Federal Rules of Civil Procedure.

2. The conclusion reached on the motion for summary judgment makes it unnecessary to decide whether the Supplemental Rules for Certain Admiralty and Maritime Claims apply in an action of this nature. See Fed.Rules Civ.Proc. rule 9(h).

ceived, concealed and facilitated the transportation after importation of the merchandise (the Furazolidone) which had been brought into the United States contrary to law.

Citing Coffey v. United States, 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684, Malz takes the position that his acquittal of the two-count indictment charging § 545 violations is a bar to any subsequent forfeiture proceedings under that or any other forfeiture section.

■ The intervenor's position is well taken. While *Coffey* has been criticized, distinguished and questioned, "in a number of cases" an analysis of those cases is not persuasive in view of United States v. One DeSoto Sedan, 4 Cir., 180 F.2d 583, and United States v. One 1956 Ford Fairlane Tudor Sedan, etc., 10 Cir., 272 F.2d 704. "Any departure from Coffey and its 'uncritical language' must come from the Supreme Court. We are bound by the rule therein announced." (Footnotes omitted) United States v. One 1956 Ford, etc., supra.

With respect to the Government's reliance upon 19 U.S.C.A. § 1460 as an alternate basis for forfeiture of the Furazolidone, the short answer is that if Congress intended to provide such an alternate procedure to that contained in 18 U.S.C.A. § 545 when a violation thereof is alleged, it could have set forth, as it did in 18 U.S.C.A § 542, a reservation that "nothing in this section shall be construed to relieve imported merchandise from forfeiture under other provisions of law."

■ The Government, having elected to proceed against Malz in the prosecution of 18 U.S.C.A. § 545, is restricted to the forfeiture provisions contained therein, and the intervenor having been acquitted of violating that section, *Coffey* is a bar to forfeiture of the Furazolidone. Now, therefore,

It is ordered that the motion of Alvin L. Malz for summary judgment and return of the 201 fifty-pound bags of Furazolidone, be and the same hereby is granted.