**UNITED STATES of America, Plaintiff,**

v.

**ONE 1979 OLDSMOBILE–CUTLASS SUPREME, VIN: 3M47P9M429787, Defendant,**

**Sherrie L. Christian, Claimant.**

**Civ. A. No. C84–270A.**

United States District Court, N.D. Georgia, Atlanta Division.

June 19, 1984.

Barbara V. Tinsley, Asst. U.S. Atty., Atlanta, Ga., for plaintiff.

Daniel L. Dean, Stokes & Dean, Atlanta, Ga., for defendant.

ORDER

FORRESTER, District Judge.

This forfeiture action is before the court on plaintiff's motion to strike the answer and counterclaim of the claimant. Plaintiff's motion is based upon claimant's failure to comply with the provisions of Rule C(6), Supplemental Rules of Certain Admiralty and Maritime claims, Federal Rules of Civil Procedure, which provides that a claimant must

---

**15.** The same defense counsel represented both Prudential and Midtown.

file his claim within 10 days after process has been executed, or within such additional time as may be allowed by the court, and shall serve his answer within 20 days after the filing of the claim. The claim shall be verified on oath or solemn affirmation, and shall state the interest in the property by virtue of which the claimant demands its restitution and the right to defend the action.

Plaintiff argues that at the time claimant filed her answer to the complaint of the United States against the defendant automobile, she had not filed in the district court her claim to the property. It is well established that the filing of such claim is an essential element of standing to contest a forfeiture. *See United States v. $364,-960,* 661 F.2d 319 (5th Cir.1981); *United States of America v. One 1967 Mooney M20–F Aircraft, FAA No. N9588M, Serial No. 670165, et al.,* No. C82–2268, (N.D.Ga. Sept. 30, 1983) (Forrester, J.). However, plaintiff has argued that she received a letter from the United States Customs Service instructing her to return a completed claim form to that office. Plaintiff avers that she completed the claim form and returned it to the Customs Service on August 30, 1983. She argues that she did not file an additional claim to the automobile before answering plaintiff's complaint on February 28, 1984 because she had previously filed such a claim with the Customs Service.

■ The court finds this case controlled by *United States v. One 1967 Mooney M20–F Aircraft, FAA No. N9588M, Serial No. 670165, et al., supra.* In that case the court found that the claimant had made a good faith effort to assert his claim to the airplane but had filed his claim in the wrong office because he relied on a letter from a government agency. The court in that case allowed the claimant an additional

ten days to satisfy the requirements of Rule C. The court believes that that is the appropriate course to follow in this case. Therefore, claimant is granted ten (10) days from the filing date of this order to satisfy the requirements of Rule C by filing with the Clerk of Court all documents and affidavits supporting her claim to the automobile. If such claim is not received within ten days, the motion by the United States to strike her answer will be granted.

Plaintiff has also moved for an order striking claimant's counterclaim for remission of the forfeiture. Plaintiff argues that "the power to remit, mitigate, or pardon a drug related forfeiture[1] is granted exclusively to the Attorney General and cannot be granted or reviewed by the federal courts," and that claimant's counterclaim therefore fails to state a claim upon which relief can be granted. Although plaintiff's motion is brought as a motion to strike under Rule 12(f) the court will treat it as a motion to dismiss under Rule 12(b)(6).

Remission or mitigation of the forfeitures provided by the Tariff Act of 1930 are governed by 19 U.S.C. § 1618, which provides in pertinent part:

Whenever any person interested in any ... vehicle ... seized under the provisions of this chapter ... files with the Secretary of the Treasury under the customs laws ... before the sale of such ... vehicle ... a petition for the remission or mitigation of such ... forfeiture, the Secretary of the Treasury, if he finds that such ... forfeiture was incurred without willful negligence or without any intention on the part of the petitioner to defraud the revenue or to violate the law, or finds the existence of such mitigating circumstances as to justify the remission or mitigation of such ... forfeiture, may remit or mitigate the same upon such terms and conditions as he deems reason-

---

**1.** Plaintiff's discussion of drug related forfeitures is inexplicable since the present case appears to have nothing whatsoever to do with drugs. The defendant automobile was seized by the United States Secret Service because it was used for the transportation of counterfeit currency. However, the principal case relied upon

by plaintiff, *United States v. One 1970 Buick Riviera Bearing Serial No. 494870H910774,* 463 F.2d 1168 (5th Cir.), *cert. denied,* 409 U.S. 980, 93 S.Ct. 314, 34 L.Ed.2d 244 (1972), does not appear to be confined to drug-related forfeitures.

 

able and just, or order discontinuance of any prosecution relating thereto.

Pursuant to this section claimant filed a petition to mitigate forfeiture of the defendant automobile with the Department of Treasury on or about January 7, 1983. On or about March 25, 1983 claimant received notice from the Customs Service that her petition to mitigate forfeiture was denied and was notified at such time that the United States intended to proceed with summary forfeiture of the defendant automobile. Having failed to persuade the Secretary of the Treasury to remit the forfeiture, claimant now asks this court to do so.

In *United States v. One 1970 Buick Riviera Bearing Serial No. 494870H910774,* 463 F.2d 1168 (5th Cir.), *cert. denied,* 409 U.S. 980, 93 S.Ct. 314, 34 L.Ed.2d 244 (1972), the court held that "the Attorney General has unreviewable discretion [2] over petitions under 19 USCA § 1618." 463 F.2d at 1170. The court held that there were only two narrow exceptions to this rule, neither of which are applicable in the present case.

■ Although there is authority supporting plaintiff's position in the Second Circuit, *see United States v. One Tintoretto Painting Entitled "The Holy Family with St. Catherine and Honored Donor,"* 691 F.2d 603 (2d Cir.1982), this court is bound to follow Fifth Circuit cases decided before October 1, 1981. *Bonner v. City of Prichard, Ala.,* 661 F.2d 1206 (11th Cir. 1981). *United States v. One 1970 Buick Riviera* has never been overruled and is therefore binding on this court. This court therefore has no jurisdiction to review the decision of the Attorney General to deny claimant's petition for remission and no power to grant such remission on its own. *See United States v. One 1961 Cadillac* 337 F.2d 730 (6th Cir.1964). Because claimant's counterclaim fails to state a claim upon which relief can be granted, plaintiff's motion to dismiss the counterclaim is granted.

In sum, plaintiff's motion to strike claimant's answer is DENIED without prejudice to reassert if claimant does not file within ten days all documents and affidavits necessary to satisfy the requirements of Rule C. Plaintiff's motion to strike claimant's counterclaim is treated as a motion to dismiss under Rule 12(b)(6) and is hereby GRANTED.

---

**2.** By Executive Order No. 6166 (June 10, 1933), the Secretary's authority was transferred to the Attorney General in cases in which judicial proceedings are instituted.