UNITED STATES of America, Appellee,

v.

BEECHCRAFT QUEEN AIRPLANE SERIAL NUMBER LD–24, Appellant.

No. 85–1396.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 15, 1986.

Decided April 29, 1986.

Rehearing Denied May 30, 1986.

---

Timothy O. Dudley, Little Rock, Ark., for appellant.

Steven N. Snyder, Fort Smith, Ark., for appellee.

Before HEANEY, ARNOLD and WOLL-MAN, Circuit Judges.

ARNOLD, Circuit Judge.

This is a suit by the United States for forfeiture of an airplane allegedly used in illegal drug trade. Beechcraft Queen Airplane, Serial No. LD-24, appeals from the District Court's[1] decree of forfeiture. For reversal, appellant argues that 1) the trial

1. The Hon. Oren Harris, Senior United States District Judge for the Eastern and Western Districts of Arkansas.

court erred in striking an answer filed by one Bruce Brown and granting a default judgment to plaintiff; and 2) the trial court had no subject matter jurisdiction over the action. We affirm.

## I.

The government's complaint alleged in substance as follows. In March 1983, Bruce Stanley Brown crashed a Cessna airplane in Louisiana. A search of the plane revealed marijuana debris, certain equipment needed for long-range over-water flights, and registration papers in the name of Jake V. Taylor for the Beechcraft Queen that is the subject of this action. A search warrant was obtained for the Beechcraft on February 19, 1984; the search revealed marijuana seeds in the plane and evidence that all the seats had been removed and replaced.

The complaint, filed on August 31, 1984, sought forfeiture under 21 U.S.C. § 881(a)(4), on the ground that the plane had been used to transport marijuana. The Clerk of the District Court issued a warrant of seizure and monition, and the United States Marshal was directed to serve both the complaint and the warrant of seizure on the airplane and on Bruce Stanley Brown, a/k/a Jake V. Taylor, who was believed to be the plane's owner. On September 20, 1984, according to the return of service filed in the District Court, the Marshal served the plane at the Arkadelphia, Arkansas airport, and put warning posters on the plane to give notice that it had been seized. Arkadelphia is in the Western District of Arkansas. On September 25, 1984, the Marshal served the warrant of seizure and the complaint on Bruce Brown at his place of employment in Louisiana.

In forfeiture proceedings brought under 21 U.S.C. § 881, the Supplemental Rules for Certain Admiralty and Maritime Claims must be followed. 21 U.S.C. § 881(b) (1982). Rule C(6) of the Supplemental Rules requires:

> The claimant of property that is the subject of an action in rem shall file his claim within 10 days after process has been executed, or within such additional time as may be allowed by the court, and shall serve his answer within 20 days after the filing of the claim. The claim shall be verified on oath or solemn affirmation, and shall state the interest in the property by virtue of which the claimant demands its restitution and the right to defend the action.

Bruce Brown filed an answer to the complaint on October 12, 1984. Brown's answer admitted that he bought the plane in 1982, that he flew it to the Arkadelphia Airport, and that he had been paying $225.00 per month to Central Flying Service to store the plane at the airport. It did not specifically admit that he was the owner, and there was no sworn statement by Brown that he had an interest in the plane. The only signature on the answer was that of Brown's attorney. Brown did not file any pleadings within 10 days of service of process, and he never filed a verified claim of the type required by Rule C(6).

The United States then moved to strike defendant's answer because Brown had not filed a verified claim and therefore had no right to answer or defend the suit. The District Court granted the motion to strike and issued an order giving reasons for its decision. Brown then filed a "Motion for reconsideration of order striking answer" and a motion to dismiss for want of jurisdiction. Both motions were denied. The government moved for default judgment, and the Court found the defendant in default and issued a decree of forfeiture.

## II.

Defendant argues that the trial court should not have granted plaintiff's motion to strike because the answer filed by Bruce Brown served the basic purpose of Rule C(6). That purpose is to inform the court that there is a claimant to the property who wants it back and intends to defend it. It is argued that admiralty procedure is to be liberally construed, and that the trial court had discretion to allow Brown to proceed on the merits even though he had not technically complied with the Rule.

■ We hold that the District Court did not abuse its discretion by requiring strict compliance with Rule C(6) and striking Brown's answer because he did not precede it with a verified claim.

Two recent cases in other circuits have denied relief to claimants who did not file proper claims under Rule C(6). The Seventh Circuit expressly rejected a claimant's argument that a claim he had filed with the DEA should suffice to fulfill the requirements of Supplemental Rule C(6). *United States v. United States Currency in the Amount of $2,857*, 754 F.2d 208 (7th Cir. 1985). The court emphasized that the DEA claim was "not verified on oath or solemn affirmation, an essential element of a claim under Rule C(6)." *Id.* at 213. Any party who wishes to defend a forfeiture action should be forced to swear to his interest in the forfeited property, it said. And in *United States v. One 1978 Piper Navajo PA-31 Aircraft*, 748 F.2d 316 (5th Cir. 1984), the Fifth Circuit held that a district court did not abuse its discretion in denying claimant's motion to set aside a default judgment, because claimant failed to show excusable neglect or a meritorious defense. This Court has decided no case exactly in point, but in an admiralty case we said that "it was incumbent on [the claimant], if it desired the return of specific property, to put its ownership clearly in issue ... by filing its claim in accordance with Rule C(6) ... or by timely filing a proper motion to intervene." *Bank of New Orleans and Trust Co. v. Marine Credit Corp.*, 583 F.2d 1063, 1068 (8th Cir.1978).

Appellant cites three cases in which claimants were relieved of the harsh consequences of not filing a timely verified claim under Rule C(6). All are district court cases. In these cases and in two others that granted some form of relief, the claimant had filed some form of claim or supporting document in addition to his answer. *See United States v. One 1979 Oldsmobile-Cutlass Supreme, VIN: 3M47P9M429787*, 589 F.Supp. 477, 478 (N.D.Ga.1984) (Customs Service sent a claim form to claimant and instructed her to send the form to it); *United States v. 1967 Mooney M20-F Aircraft, FAA # N9588M, Serial No. 670165*, 597 F.Supp. 531, 532 (N.D.Ga.1983) (claimant received notice of seizure from DEA which told him to file claim with DEA); *United States v. Articles of Hazardous Substance*, 444 F.Supp. 1260, 1263 (M.D. N.C.) (affidavits), *aff'd in part, rev'd in part*, 588 F.2d 39 (4th Cir.1978); *United States v. One 1966 Chevrolet Pickup Truck*, 56 F.R.D. 459, 460 (E.D.Tex.1972) (claim filed with IRS; claimant's attorney called U.S. Attorney to make sure he had followed proper procedure); *United States v. Two Hundred and One, Fifty Pound Bags of Furazolidone*, 52 F.R.D. 222, 223 (D.N.D.1971) (proof of judgment of acquittal on related criminal charge). Moreover, in at least three of these cases the claimant *relied* on some representation by the government that the claim he or she had filed was sufficient. *See Cutlass Supreme*, 589 F.Supp. at 478, *Mooney Aircraft*, 597 F.Supp. at 532; *Chevrolet Pickup*, 56 F.R.D. at 460.

A more liberal approach might be appropriate if Brown had timely petitioned the court to grant an extension of time, or if he could show that he had never received actual notice of the complaint, or some other mitigating circumstances, but he makes only a general plea for liberal construction. Brown may have believed that he had thirty days to file a response because that is what the warrant of seizure and monition said. However, he makes no allegation that he relied to his detriment on this or on any representation made by the government. Indeed, we are given no reason why the proper claim was not filed. We conclude that the District Court did not abuse its discretion in striking Brown's answer.

## III.

Brown's answer having been stricken, he is out of the case. But the airplane itself, the *res*, is of course still in. It was the defendant in form below, and it is the appellant here. It argues that the District Court was without subject-matter jurisdiction over this action. Appellant's argu-

ment really is that the Court did not have in rem jurisdiction over the subject matter (the airplane) of the forfeiture action. This claim of lack of jurisdiction is based on certain deficiencies in the government's complaint; we are told that the complaint did not satisfy the procedural requirements of Rule C(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims. Rule C(2) states:

> In actions in rem the complaint shall be verified on oath or solemn affirmation. It shall describe with reasonable particularity the property that is the subject of the action and *state that it is within the district or will be during the pendency of the action.* In actions for the enforcement of forfeitures for violation of any statute of the United States the complaint shall *state the place of seizure and whether it was on land or on navigable waters,* and shall contain such allegations as may be required by the statute pursuant to which the action is brought (emphasis added).

■ Appellant argues that the complaint failed to allege 1) that the res was in the district during the action, 2) that the res was seized prior to filing the complaint, and 3) where the res was seized. It is true that the complaint did not specifically allege any of these things; it alleged only that the plane was at the Arkadelphia Airport in April 1983, and that Bruce Brown paid storage charges on it after that time. It also alleged that venue was predicated on 28 U.S.C. § 1395.

#### A.

Appellant argues at considerable length that the government must, pursuant to Rule C(2), allege the presence of the res in the district at the time of filing or during the pendency of the action. The government argues that its reference to 28 U.S.C. § 1395 is equivalent to alleging the presence of the res in the district because one subsection of § 1395 requires, for venue purposes, that the action be brought in the district where the property is found. 28 U.S.C. § 1395(b) (1982).

It is unnecessary to pursue the ramifications of these legal arguments. For this complaint, when read with a practical eye, in fact does sufficiently allege that the airplane was in the Western District of Arkansas when suit was filed. Paragraph 4 says that Brown flew the plane to Arkadelphia in late April 1983 and stored it there. Paragraph 5 says that "Brown has subsequently made rental payments ... in the amount of two hundred twenty-five dollars ($225.00) per month to" the company storing the aircraft. The use of the present perfect tense ("has ... made") indicates that payments for storage have been made each month up until the present time (the date of the filing of the complaint). The natural implication is that the plane is still in the place of storage, at Arkadelphia. And in fact no one has ever denied that. Brown's answer, paragraphs 1 and 2, admits the complaint's allegations as to jurisdiction and venue. To read this complaint as not alleging the presence of the res within the district would exalt technicality to a level seldom attained since the days of Baron Parke.

#### B.

■ Appellant argues that the court cannot acquire jurisdiction unless the res has been seized *before* the complaint is filed. We disagree. Appellant cites 7A J. Moore and A. Pelaez, *Moore's Federal Practice* C.11 (2d ed. 1983), which in turn cites only an early 19th-century admiralty case, *The Brig Ann*, 9 Cranch (13 U.S.) 289, 3 L.Ed. 734 (1815), to support the proposition. In *Meacham Corp. v. United States,* 207 F.2d 535 (4th Cir.1953) the court rejected a similar argument, saying that the opinion in *The Brig Ann* had been "restricted if not repudiated" by a later case and that the issue in *The Brig Ann* really related to venue, not jurisdiction. *Id.* at 547.

Rule C itself also counters appellant's argument for precomplaint seizure: Subsection (3) of Rule C (the version in effect prior to August 1985) states: *"Upon the filing of the complaint* the clerk shall forthwith issue a warrant for the arrest of

the vessel or other property...." (emphasis added). This language seems to anticipate that the property may not be formally seized or arrested until *after* the complaint is filed.

█ Appellant also says that there is nothing in the record to show that the plane was ever seized. The Marshal noted on the returned warrant of seizure and monition that he put warning posters on the plane. That is sufficient proof, in the absence of any contest or denial, that the plane *was* seized by the government.

### IV.

The appellant has not shown that the District Court abused its discretion in granting the government's motion to strike the answer, nor has it shown that the trial court lacked jurisdiction over the action. The judgment of forfeiture by default is

Affirmed.

HEANEY, Circuit Judge, dissenting.

I respectfully dissent. It is difficult for me to understand how we can naturally imply from the government's complaint that the plane was in Arkadelphia when the suit was filed, yet refuse to similarly imply that Brown's answer to the complaint alleges an ownership interest in the plane. We impose strict standards on Brown but not on the government. We should remand and require the forfeiture procedure to proceed. In no other way will the interests of justice be truly served.