**UNITED STATES of America, Plaintiff,**

v.

**SEVENTY–TWO THOUSAND EIGHT HUNDRED FIFTY SEVEN DOLLARS ($72,857.00), Defendant.**

**No. 89–1673C(1).**

United States District Court,
E.D. Missouri, E.D.

Nov. 22, 1989.

Raymond Meyer, Asst. U.S. Atty., St. Louis, Mo., for plaintiff.

C. John Pleban, St. Louis, Mo., for defendant.

ORDER AND MEMORANDUM

NANGLE, Chief Judge.

IT IS HEREBY ORDERED that plaintiff's motion to strike claimant's answer be and is granted.

IT IS FURTHER ORDERED that plaintiff's motion to stay proceedings or for a protective order be and is denied as moot.

IT IS FURTHER ORDERED that claimant's motion to suppress evidence be and is denied as moot.

IT IS FURTHER ORDERED that plaintiff's motion to compel answers to interrogatories and request for production be and are denied as moot.

In forfeiture proceedings brought under 21 U.S.C. § 881, the Supplemental Rules for Certain Admiralty and Maritime Claims apply, pursuant to 21 U.S.C. § 881(b). Supplemental Rule C(6) requires that a claimant to the defendant property file a verified claim to the property within ten days after process has been executed and serve an answer within twenty days after filing his claim. Plaintiff moves to strike claimant's answer for failure to comply with these procedural requirements.

In *United States v. Beechcraft Queen Airplane, etc.,* 789 F.2d 627 (8th Cir.1986), the Eighth Circuit affirmed a judgment of forfeiture by default entered by the district court after it granted a motion to strike the claimant's answer for failure to comply with Supplemental Rule C. In *Beechcraft,* the claimant had filed only an answer, without any verified claim, over thirty days after the complaint was filed. The Eighth Circuit held that "the District Court did not abuse its discretion by requiring strict compliance with Rule C(6) and striking Brown's answer because he did not precede it with a

verified claim." *Id.* at 630. In *United States v. U.S. Currency Totalling $3,817.49, etc.,* 826 F.2d 785, 787 (8th Cir. 1987), the Eighth Circuit reaffirmed the necessity of strict compliance with Rule C(6). The rule of *Beechcraft* is applicable to the instant case, in which claimant filed a "bare" answer without an accompanying verified claim.

In opposition to plaintiff's motion, claimant cites two district court cases, *United States v. One 1979 Oldsmobile–Cutlass Supreme, etc.,* 589 F.Supp. 477 (N.D.Ga. 1984), and *United States v. 1967 Mooney M20–F Aircraft, etc.,* 597 F.Supp. 531 (N.D.Ga.1983), in which the claimant was spared "the harsh consequences of not filing a timely verified claim." *Beechcraft,* 789 F.2d at 630. The *Beechcraft* court discusses and distinguishes those cases in a manner equally applicable to the instant case: "In [*Oldsmobile* and *Mooney* ] ..., the claimant had filed some form of claim or supporting document in addition to his answer." *Beechcraft,* 789 F.2d at 630. Because claimant did not here file any such supporting document with his answer, his reliance on *Oldsmobile* and *Mooney* is misplaced.

Plaintiff also relies on a verified claim which he filed with the Drug Enforcement Administration prior to the commencement of the forfeiture. The Court finds that that claim does not fulfill the requirements of Supplemental Rule C(6). In *United States v. United States Currency, etc.,* 754 F.2d 208 (7th Cir.1985), the Seventh Circuit rejected an identical argument for four reasons:

> First and foremost, the claim ... filed with the DEA was not verified on oath ..., an essential element of a claim under Rule C(6) ... Second, the DEA claim preceded the execution of process under Rule C(3), whereas Rule C(6) requires a claim to be filed *after* process has been executed. Third, [claimant] filed his DEA claim [over thirty days prior to his answer] ..., therefore, [claimant's] answer would be untimely because it was filed more than twenty days thereafter. Lastly, a Rule C(6) claim must be filed with the district court.

*Id.* at 213. Only the first of these four reasons is inapplicable in the instant case, and this Court likewise holds that claimant's DEA claim does not satisfy Rule C(6).

Accordingly, plaintiff's motion to strike claimant's answer is granted. In addition, because claimant is no longer a party to this action, plaintiff's motion to stay proceedings or for a protective order, claimant's motion to suppress evidence, and plaintiff's motion to compel answers to interrogatories and request for production are denied as moot.