**UNITED STATES of America**

v.

**LAND, 4629–4631 S. CARROLLTON AVE., NEW ORLEANS, LOUISIANA, et al.**

**Civ. A. No. 91–1036.**

United States District Court, E.D. Louisiana.

June 7, 1991.

Constantine D. Georges, U.S. Attorney's Office, New Orleans, La., for U.S.

Malcolm R. Robinson, Jr., pro se.

Erika R. Hamburg, pro se.

Ralph S. Whalen, Jr., New Orleans, La., for Erika R. Hamburg.

Barron Randall Detro, O'Keefe, O'Keefe & Bernstein, New Orleans, La., for Safeway Financial Services, Inc.

CHARLES SCHWARTZ, Jr., District Judge.

This matter is before the Court on the motion of putative claimant Erika Hamburg to vacate entry of default. Defendant United States of America [the "Government"] has opposed and requested that the Court to strike the claim and answer filed on behalf of Ms. Hamburg, and to enter default judgment as to said claimant. The Government has further suggested that sanctions are in order.

This matter was set for oral hearing on Wednesday, June 5, 1991, but was submitted on briefs without oral hearing.

I.  FACTUAL BACKGROUND:

On March 15, 1991, the United States of America filed a complaint against the aforementioned defendant properties and contents, under 21 U.S.C. § 881. On March 22, 1991, pursuant to lawful writ of seizure the property was seized, at which time putative claimant was residing in said property. It is not disputed that the Government in this case fully complied

with the requirements of the Supplemental Rules, which govern the procedure to be followed in this forfeiture action. A thorough review of the record in this case confirms that the government has complied with those procedures. The Government's procedure in this matter included sending a copy of the notice of arrest directly to the claimant, which she does not deny.

No claim was timely filed, that is no claim was filed on or before April 23, 1991. On April 29, 1991, the Government filed its motion noting default in this matter, which was entered by the clerk of court on May 10, 1991. On May 14, 1991, the Government moved for a Default Judgment.

On May 16, 1991 a Motion to Vacate Entry of Default was filed on behalf of claimant, Erika Hamburg, to the effect that it was her understanding that the petition for remission/mitigation which she filed on April 1, 1991, was sufficient to prevent entry of default.

On May 17, 1991, the claimant filed an untimely claim and answer in the above captioned proceedings.

## II. THE LAW:

The applicable rules of procedure were enumerated in *United States v. United States Currency Totalling $3,817.49*, 826 F.2d 785, 786 (8th Cir.1987), which follow:

The United States commences a judicial forfeiture by filing a complaint in the district where the seizure occurred. Supp. Rule C(2). Upon filing of the complaint, the district court clerk issues a warrant for the arrest of the property at issue. *See* Supp. Rule C(3). The United States must then publish notice of the action and arrest in a newspaper of general circulation within the district. The notice must specify the time within which the party filing the claim must file an answer. *See* Supp. Rule C(4). Rule C(6) specifies that a claimant must file an answer within twenty days after the filing of the claim. Supp. Rule C(6) also provides that the claim shall be verified on oath or solemn affirmation.

Moreover, the record in the case at bar reflects that the United States did cause a notice to be published on April 8, 1991 in the Times–Picayune, a newspaper of general circulation, as required by the Supplemental Rules, which specifically stated in pertinent part:

Any person claiming an interest in said properties must file a verified claim with the Clerk of Court of this Court and serve it on the attorney for the plaintiff on or before April 23, 1991, and must file and answer within 20 days after filing such claim. If claims and answers are not filed within the above time schedule, default may be entered and forfeiture ordered. See, Proof of Publication attached as Plaintiff's Exhibit "A" to its Motion and Memorandum.

Despite the plain admonition of the rule and the above published notice, putative claimant Erika Hamburg filed her verified claim and answer to the Government's complaint in the captioned matter long after the time prescribed for making such claim. Claimant was unquestionably required to file her verified complaint on or before April 23, 1991. Under Rule C(6) a claimant must "file his claim within 10 days after the process has been executed, or within such additional time as may be allowed by the court."

■ Claimant's failure to adhere to the strict requirements of Supplemental Rule C(6) requires that her claim and answer be stricken. See, *United States v. Beechcraft Queen Airplane*, 789 F.2d 627, 630 (8th Cir.1986) [holding that the district court did not abuse its discretion by requiring strict compliance with Rule C(6) and striking the claim because it was not preceded by a verified claim]. See also, *United States v. $288,914 in U.S. Currency*, 722 F.Supp. 267 (E.D.La.1989) [wherein Judge Feldman, citing Beechcraft, supra, granted the government's Motion to Strike Answer and Enter a Default Judgment on account of claimant's failure to strictly adhere to Rule C(6)].

In this, a forfeiture proceeding brought under 21 U.S.C. § 881, the Supplemental Rules for Certain Admiralty and Maritime Claims apply pursuant to Section 881(b).

The "lately" filed claim on behalf of claimant Erika Hamburg, as well as her petition in mitigation, filed April 1, 1991, evidences that said claimant was on notice that the forfeiture proceeding had been initiated. Claimant does not suggest to the contrary in opposition memorandum.

It appears of record that the Government in this case served putative claimant, Erika Hamburg, in good faith, and made more than reasonable efforts to provide her with adequate notice. In fact, in opposition Ms. Hamburg does not deny that she had actual and/or constructive notice of the forfeiture complaint. Notwithstanding said knowledge, claimant apparently chose to file her claim in correct form after the deadline established for its filing with this District Court and after entry of Default.

Certain equitable circumstances may justify a departure from the strict compliance standard associated with Rule C(6). Such equitable circumstances are patently absent from the facts before this Court. This is simply not a case which merits relaxation of the Rule. The Court makes special mention of the facts that the it appears that Ms. Hamburg consulted an attorney regarding her putative claim and yet at no point requested an extension of time and does not represent to the Court that she ever requested an extension.

Moreover, in the case at bar, Ms. Hamburg acquired the defendant property pursuant to *inter vivos* donation by Gregory Lenn Brown on December 29, 1990 [1], that is more than two (2) weeks after Gregory Brown's arrest in Orleans Parish. The Government submits that this transfer of title (donation) was obviously effected by Mr. Brown, in order that said property could be used as bond collateral, and that putative claimant and her counsel were fully aware of the reason for said transfer via donation. There are no equities to speak of in this case.

█ Putative claimant in the case at bar lacks standing to contest this forfeiture having failed to comply with the strict rules despite notice.[2] Under F.R.C.P. Rule 12(f) the court may on its own motion strike an insufficient defense. Interest in the defendant properties, such as Ms. Hamburg's in the present case, arising subsequent to the proscribed activity which gave rise to forfeiture are subordinate to that of the United States as matter of law. See, Title 18, United States Code, § 981(f).

Inasmuch as Ms. Hamburg does not contend that she acquired the property at issue for value, her claim does not fit within the exception carved out in § 981(a)(2) pertaining to the defense of an innocent owner.[3] The document purporting transfer of the property to Ms. Hamburg indicates that no consideration was paid for same. Moreover, Mr. Brown donor was arrested approximately two weeks prior to the time that act of donation was executed in Ms. Hamburg's favor. Putative claimant surely cannot expect this Court to believe her ignorance of the fact of said arrest or the circumstances surrounding same at the time of the execution of the act of donation.

In the case of default pursuant to F.R.C.P. Rule 55(c), the Fifth Circuit has devised a three-part test to determine when a

---

1. See, Document executed December 29, 1990 [attached as Exhibit "C" to the Government's Motion in this case].

2. See, *United States v. U.S. Currency, The Amount of $103,387.27*, 863 F.2d 555, 560 n. 10 (7th Cir.1988) [wherein the court explains the dual standing requirements for forfeiture cases, that is Article III standing and Statutory standing].

3. See, *United States v. Real Property on Lake Forrest Circle*, 870 F.2d 586, 590 at n. 11 (11th Cir.1989) which reads as follows:

The United States' interest in the property 'relates back' to the moment in which the property became involved in the proscribed activity.... Because the rule can produce harsh results, section 881 exempts from forfeiture the interests of 'innocent owners' of certain classes of property including real estate. Such innocent owners have priority of interest in the property if they acquired their interest in good faith, for value and without knowledge of the illegal activities which gave rise to the Government's right to seize the property.

default decree should be set aside.[4] In *One Parcel* the Fifth Circuit considered:

(1) whether the default was willful;

(2) whether setting it aside would prejudice the adversary; and

(3) whether a meritorious defense was presented. *Id.*

As to the third prong of the *One Parcel* test, the Government in the instant case has more than adequately demonstrated that claimant is without standing to contest the forfeiture because the violation unquestionably preceded the donation of the property to her, and therefore, Ms. Hamburg does not meet the qualification of innocent owner who purchased property for value.

In short, putative claimant in the case at bar cannot and has not demonstrated or shown that she has an interest in the captioned property sufficient to satisfy the standing requirement. Based on documents of record putative claimant's interest is subordinate the plaintiff's claim to the property. The document of record purporting the donation more than 2 weeks after the wrongdoing on the part of donor, Mr. Brown, is uncontroverted as to the date of the execution of said donation and as to the fact that Ms. Hamburg paid nothing for this property.

For all of the aforesaid reasons and considering the submissions of the parties and the applicable law,

IT IS ORDERED that the Motion to Vacate Entry of Default filed on behalf of putative claimant be and is hereby DENIED;

IT IS FURTHER ORDERED that plaintiff United States of America's motion to strike claimant's claim and answer is hereby GRANTED;

IT IS FURTHER ORDERED that putative claimant Erika Hamburg's claim and answer filed in the above captioned matter, be and here by is stricken from the record of these proceedings; and

IT IS FURTHER ORDERED that judgment of default be entered against aforesaid putative claimant Erika Hamburg.

---

**4.** *United States v. One Parcel of Real Property,* 763 F.2d 181, 183 (5th Cir.1985); and *United States v. $288,914 in U.S. Currency,* 722 F.Supp. 267, 271 (E.D.La.1989).