980 F.2d 1242
 UNITED STATES of America, Appellee,
v.
FORD 250 PICKUP 1990, VIN #1FTHX26M1LKA69552, Defendant,
Saddle Creek Auto, Inc.; Timothy S. Egan, Appellants.
 No. 92-2228.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 2, 1992.
Decided Dec. 8, 1992.
Rehearing Denied Jan. 6, 1993.
 
 Thomas J. Young, Omaha, Neb., argued, for appellants.
 Nancy A. Svoboda, Omaha, Neb., argued, for appellee.
 Before McMILLIAN, MAGILL, and HANSEN, Circuit Judges.
 MAGILL, Circuit Judge.
 
 
 1
 This is a forfeiture action involving a 1990 Ford pickup truck. The district court[1] struck the claim to ownership of the vehicle, submitted by Timothy S. Egan, as agent for Saddle Creek Auto, Inc., for failure to comply with the procedural rules involving the forfeiture and for lack of standing. The court then granted a default judgment in favor of the government. Egan and Saddle Creek Auto contend that the district court abused its discretion in several ways, and that default judgment was inappropriate. We affirm.
 
 I.
 
 2
 The government filed a verified complaint on May 16, 1991, alleging that this truck was used to facilitate drug trafficking on September 24, 1990, and was subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4). On May 16, 1991, the government also filed a warrant for arrest in rem and a notice of seizure and procedure. On May 21, 1991, the truck was seized.
 
 
 3
 In forfeiture proceedings under 21 U.S.C. § 881, the Supplemental Rules for Certain Admiralty and Maritime Claims (Supplemental Rules) must be followed. 21 U.S.C. § 881(b). Rule C(6) of the Supplemental Rules provides:
 
 
 4
 The claimant of property that is the subject of an action in rem shall file a claim within 10 days after process has been executed, or within such additional time as may be allowed by the court, and shall serve an answer within 20 days after the filing of the claim. The claim shall be verified on oath or solemn affirmation, and shall state the interest in the property by virtue of which the claimant demands its restitution and the right to defend the action.
 
 
 5
 On June 26, 1991, service of the complaint, warrant, and notice was made on Timothy S. Egan. Egan had asserted an ownership interest in a preceding administrative forfeiture proceeding. A notice was published in The Daily Record of Omaha on July 18, July 25, and August 1, 1991. The public notice in the newspaper and the warrant and notice personally served on Egan all indicated that anyone claiming an interest in the truck had to file both a claim and an answer within the time parameters outlined in Supplemental Rule C(6).
 
 
 6
 On August 2, 1991, Egan, as agent for Saddle Creek Auto, Inc. (Saddle Creek), filed a certified claim with the clerk of the district court. This claim, however, was not served on the United States Attorney handling the matter. Because the newspaper notices indicated that the last available day to submit a claim was August 12, 1991, there is no dispute that the August 2 claim, considered by itself, was timely filed with the clerk. Egan has never submitted a claim on behalf of himself as an individual.
 
 
 7
 Apparently unaware of Saddle Creek's claim, the United States, on September 9, 1991, filed a request to enter default which was supported by an affidavit of United States' counsel. Shortly thereafter, the government became aware of Saddle Creek's claim to ownership. On September 13, 1991, the United States filed a motion with the clerk of court to strike the claim of August 2. On the date of the motion, the affidavit and brief in support of the motion were inadvertently submitted directly to the district court judge and were not submitted to the clerk of court's office, as they should have been. However, the motion and affidavit both were mailed to Egan on September 13.
 
 
 8
 On September 30, 1991, appellants' counsel filed a notice of appearance on behalf of Timothy S. Egan. This same counsel filed a notice of appearance on behalf of Saddle Creek on October 16, 1991. Also on October 16, Saddle Creek filed a motion requesting leave of the court to file an answer instanter to the verified complaint of May 16, and to respond to the motion to enter default of September 9, and the motion to strike the claim of September 13. Saddle Creek's deadline for filing its answer was August 22. Supplemental Rule C(6). In fact, Saddle Creek did submit an untimely answer to the complaint on October 16, although the district court had not yet granted it permission to do so.
 
 
 9
 On October 25, 1991, the clerk of court received the government's affidavit in support of its September 13 motion to strike which had been incorrectly given directly to the district court judge.
 
 
 10
 The district court entered its memorandum opinion and order on February 26, 1992. The court denied Saddle Creek's requests to file an answer to the verified complaint and responses to the motion to enter default and the motion to strike. The court held that Saddle Creek had no standing to assert a claim because it had not strictly complied with Supplemental Rule C(6) and had demonstrated no excusable neglect, mitigating circumstances, or good-faith attempt to comply. The court ordered the clerk to strike the answer filed on October 16 as untimely. The court also granted the government's motion to strike Saddle Creek's claim, and directed the clerk to enter the default requested by the United States. The clerk filed the entry of default on March 2, 1992, and on that same day, the government filed a motion for default judgment.
 
 
 11
 On March 9, 1992, Egan and Saddle Creek moved the district court, pursuant to Fed.R.Civ.P. 55(c) and 60(a), to vacate its previous order and set aside the default entered by the clerk on March 2. On April 2, 1992, the court denied appellants' motion and entered a decree of forfeiture.
 
 
 12
 Egan and Saddle Creek made another motion on April 8, 1992, requesting that the district court set aside its decree of forfeiture, pursuant to Fed.R.Civ.P. 55(c), 60(a) and 60(b). This motion is still at the district court level pending this appeal.
 
 II.
 
 13
 Egan and Saddle Creek first contend that the district court erred in refusing to consider Saddle Creek's claim of August 2, 1991, as sufficient, by itself, to satisfy the requirements of Supplemental Rule C(6). They argue that the claim is detailed enough to serve as an answer to the complaint as well.
 
 
 14
 We review the district court's decision for abuse of discretion. United States v. Beechcraft Queen Airplane, 789 F.2d 627, 630 (8th Cir.1986). This court previously has held that a district court does not abuse its discretion by requiring strict compliance with Supplemental Rule C(6). Id.; see United States v. One Parcel of Property, 959 F.2d 101, 104 (8th Cir.1992). The Rule's requirement that both a claim and an answer be filed is "plain and unambiguous." United States v. United States Currency Totalling $3,817.49, 826 F.2d 785, 787 (8th Cir.1987). This court has held that an answer, standing alone, is insufficient to satisfy Rule C(6). Beechcraft Queen, 789 F.2d at 630; see United States v. United States Currency in the Amount of $2,857.00, 754 F.2d 208 (7th Cir.1985). Strict compliance with the rule requires both a claim and an answer. The district court did not abuse its discretion in holding that Saddle Creek had failed strictly to comply with the requirements of Rule C(6).
 
 
 15
 Egan and Saddle Creek also assert that the district court erred in denying them leave to file a late answer. In order to avoid the strict requirements of Rule C(6), the party attempting the untimely filing must show excusable neglect or a meritorious defense. Beechcraft Queen, 789 F.2d at 630; see United States v. One 1978 Piper Navajo PA-31 Aircraft, 748 F.2d 316, 318 (5th Cir.1984). Appellants have shown no excusable neglect in this case. Mr. Egan is admitted to practice law in the state of Nebraska and is therefore not ignorant of procedural requirements. Furthermore, no fewer than three documents, the warrant for arrest, the notice of seizure, and the public notice in the newspaper, outlined the requirements of Rule C(6). Egan personally was served the warrant and the notice and had three opportunities to view the newspaper. The court was correct in finding that no excusable neglect has been shown.
 
 
 16
 Furthermore, Saddle Creek has demonstrated no meritorious defense. As detailed below, Saddle Creek has not shown that it has standing to assert a claim. Since Saddle Creek has shown no mitigating circumstances and makes only a general plea for liberal construction, we hold that the district court did not abuse its discretion in refusing to grant leave to file an untimely complaint. Beechcraft Queen, 789 F.2d at 630.
 
 
 17
 Similarly, Egan and Saddle Creek have offered no good reason why the district court should have granted them additional time to respond to the government's motion to strike Saddle Creek's August 2 claim. The motion, alone, was filed with the clerk of court on September 13, 1991. The government asserts that the motion and the accompanying affidavit in support of the motion were served on Egan on September 13. Egan does not deny this assertion. However, Egan and Saddle Creek claim that because the United States Attorney submitted the affidavit and brief directly to the district court judge on September 13, instead of to the clerk of court as required by Rule 20 of the Local Rules of the United States District Court for the District of Nebraska, Saddle Creek was unable to respond adequately to the government's motion. We find this argument to be without merit.
 
 
 18
 Saddle Creek, through Egan, had actual notice of the reasons for the government's motion to strike. The reasoning was made clear in the affidavit served on Egan on September 13. It could have made no practical difference to Saddle Creek that the district court took direct possession of the affidavit and brief without them being filtered through the clerk's office. It is for the district court to determine which departures from its local practice rules may be overlooked. Trundle v. Bowen, 830 F.2d 807, 809 (8th Cir.1987). Therefore, the court did not abuse its discretion when it overlooked the government's inadvertent filing with the judge instead of the clerk and considered the affidavit. The misfiling made no practical difference in the circumstances of this case.[2] Id.
 
 
 19
 Egan and Saddle Creek argue that the district court was wrong in denying Saddle Creek's claim altogether. Again, we review this decision for abuse of discretion. One Parcel of Property, 959 F.2d at 104. We hold that there was no abuse of discretion in this case for two reasons. First, as already discussed, Saddle Creek did not strictly comply with Supplemental Rule C(6), and did not show excusable neglect. Second, Saddle Creek did not demonstrate standing to assert a claim.
 
 
 20
 In order to show standing to contest a forfeiture, one must first show ownership. Id. at 103. To be heard in court, one must first prove the threshold requirement that he or she is the owner of the property subject to the forfeiture action. United States v. One 1976 Cessna Model 210L Aircraft, 890 F.2d 77, 80 (8th Cir.1989). There are many ways to show an ownership interest, including actual possession, control, title, and financial stake. United States v. One 1945 Douglas C-54 (DC-4) Aircraft, 647 F.2d 864, 866 (8th Cir.1981), cert. denied, 454 U.S. 1143, 102 S.Ct. 1002, 71 L.Ed.2d 294 (1982). However, bare legal title by one who does not exercise dominion and control over the property is insufficient to establish ownership. Piper Navajo, 748 F.2d at 319.
 
 
 21
 In this case, Saddle Creek has been unable to show by any means that it had an ownership interest. It merely asserts that it did. The government's affidavit in support of its motion to strike shows that title never vested in Saddle Creek. Saddle Creek's argument that at the time of seizure it held the title in blank with the transferee's name not yet having been filled in is simply not supported by the record. Title was held by Truck Korner, Inc., on September 24, 1990, the date of the alleged act giving rise to forfeiture. Title was transferred to Timothy S. Egan on December 14, 1990, which may suggest that Egan himself has a claim. However, once forfeiture is declared, the government's title relates back in time to the commission of the criminal act giving rise to the forfeiture. 21 U.S.C. § 881(h); see United States v. Trotter, 912 F.2d 964, 965 (8th Cir.1990) (per curiam). Therefore, any transfers subsequent to September 24, 1990, would be invalid. The district court did not abuse its discretion in striking Saddle Creek's claim.
 
 
 22
 Egan and Saddle Creek's final arguments, that the district court abused its discretion in refusing to set aside the entry of default and in entering default judgment, are without merit. Because Saddle Creek had no standing to assert a claim and because it did not strictly comply with Supplemental Rule C(6), the court did not abuse its discretion in refusing to set aside the entry of default. See Marshall v. Boyd, 658 F.2d 552, 554 (8th Cir.1981) (denial of Rule 60 motion to set aside default judgment is to be overturned only for abuse of discretion). Saddle Creek argues that entry of default judgment was improper because it was not aware that a default judgment was imminent and because no hearing was held prior to the entry of default. However, the notice of seizure and procedure and the motion to strike Saddle Creek's claim, which were both personally served on Mr. Egan, indicate that default judgment is likely in the event of non-compliance with Rule C(6) procedures. Therefore, Saddle Creek, through its agent Mr. Egan, had adequate notice. Furthermore, Federal Rule of Civil Procedure 55(b)(2) requires a hearing only if the court deems it necessary and proper to enable the court to enter default judgment. The district court did not abuse its discretion in refusing to conduct a hearing under the circumstances of this case. See Taylor v. City of Ballwin, 859 F.2d 1330 (8th Cir.1988).III.
 
 
 23
 For the foregoing reasons, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable William G. Cambridge, United States District Judge for the District of Nebraska
 
 
 [2]
 Additionally, the untimely answer which Saddle Creek submitted on October 16 belies its argument that it was unable adequately to respond to the motion to strike. The answer addresses the issues raised in the government's affidavit in support of its motion to strike, and the affidavit was not filed with the clerk until October 25, nine days after Saddle Creek's attempted answer