

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-6-2006

# USA v. $31,852.38

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3321

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. $31,852.38" (2006). *2006 Decisions.* Paper 952.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/952

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-3321

UNITED STATES OF AMERICA

v.

THIRTY ONE THOUSAND EIGHT HUNDRED FIFTY TWO DOLLARS AND
THIRTY EIGHT CENTS ($31,852.38) In United States Currency;
ONE THOUSAND NINE HUNDRED AND NINE DOLLARS AND THREE CENTS
($1,909.03) In United States Currency; THIRTY ONE THOUSAND
FIVE HUNDRED FIFTY THREE DOLLARS AND SEVENTY EIGHT CENTS
($31,553.78) In United States Currency; *SHAWN WRIGHT,
Appellants

*(Pursuant to F.R.A.P. 12(a))

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
D.C. Civil 04-cv-00854
District Judge: The Honorable Gregory M. Sleet

Submitted Under Third Circuit LAR 34.1(a)
May 11, 2006

Before: BARRY, SMITH and TASHIMA,* <u>Circuit Judges</u>

(Opinion Filed: June 6, 2006)

---

* The Honorable A. Wallace Tashima, Senior Circuit Judge, United States Court of
Appeals for the Ninth Circuit, sitting by designation.

OPINION

BARRY, Circuit Judge

At issue in this *in rem* forfeiture proceeding are bank accounts held by Shawn Wright and seized by the Drug Enforcement Administration ("DEA") as part of a drug investigation. The United States District Court for the District of Delaware struck Wright's answer to the government's forfeiture complaint and entered a default judgment in favor of the United States. Wright appeals. We will affirm.

**I.**

Shawn Wright was the subject of a drug investigation. The DEA, having seized bank accounts containing $31,553.78, $1,909.03, and $31,852.38, instituted an administrative forfeiture action against the accounts *in rem*. Wright filed verified claims to the accounts with the DEA on March 22, April 14, and April 23, 2004. As required by 18 U.S.C. § 983(a)(3)(A), the government commenced a civil forfeiture action in the District Court on July 13, 2004. That same day, the deputy clerk of the District Court issued a warrant for arrest *in rem* and summons. Wright, through his attorney, received service of the warrant, complaint, and interrogatories from the government on August 2, 2004.

The arrest warrant informed Wright that

> any person claiming an interest in, or right against, the property must file a verified Statement of Interest or Right identifying the interest in, or right against, the property in the manner set forth in Rule C(6)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure, except that in no event may such Statement of Interest or Right be filed later than 30 days after the date of service of the complaint . . . .  In addition, any person having filed such a Statement of Interest or Right must also file an answer to the complaint not later than 20 days after the filing of the Statement . . . .

Accordingly, Wright had until September 1, 2004 to file a verified statement of interest, and then until September 21, 2004 to file his answer to the complaint.

As of September 27, 2004, Wright had filed nothing; that day, the government filed a request for entry of default.  On October 7, 2004, the government received from Wright an unverified response to its interrogatories.  The government wrote Wright on October 22, 2004, informing him that he had "yet to file a claim and answer as required by Admiralty Rule C" and asking whether "he still intend[ed] to contest the forfeiture."  Wright's next act was not until November 17, 2004, when he filed an answer to the complaint.  As Wright had still not filed a verified statement of interest, the government moved to strike Wright's answer, and Wright responded on January 28, 2005.

The District Court found that the government provided Wright with the notice required by Rule C(6) and observed that Wright never requested an extension of time to file the claim.[1]  It concluded that

---

[1] Wright's only explanation for his incomplete and late submissions was that he was not available and, "therefore, lost communication with his counsel."  The District Court found "that Wright's assertion, absent any specific facts or supporting affidavits, is

Wright's answer to the complaint, unverified responses to interrogatories, and verified statements of interest filed with the DEA, while perhaps providing some type of notice to the Government, are not substitutes for the Rule C(6) verified statement, nor do they prevent the Government from claiming prejudice. The Government has an interest in the rapid resolution of claims and the delay in this case has prejudiced that interest and increased the length and cost of litigation. (citations omitted)

Consequently, the District Court struck the answer on June 7, 2005.

Thereafter, the government moved for entry of default judgment. The clerk entered a default on June 9, 2005, and the District Court granted the government's motion for default judgment four days later.[2] On July 6, 2005, Wright appealed.[3]

---

insufficient to warrant the delay." The District Court did note, however, that "even if [it] were to consider Wright's brief as a request for an extension of time, [it] would deny the request, as Wright has not demonstrated that the delay in filing was a result of excusable neglect, as required by the Federal Rule of Civil Procedure 6(b)."

[2] Wright never sought relief from judgment pursuant to Fed. R. Civ. P. 60(b). Nor does Wright claim on appeal, and has therefore waived the argument, that the District Court failed to comply with the procedural requirements of Fed. R. Civ. P. 55 when it entered default judgment, instead focusing on the merits of the District Court's decision to strike the answer.

[3] We have jurisdiction pursuant to 28 U.S.C. § 1291, and will review the District Court's grant of the motion to strike Wright's answer, as the parties agree we should, under an abuse of discretion standard. *Cf. United States v. $ 23,000 in United States Currency*, 356 F.3d 157, 168-69 (1st Cir. 2004) (applying an abuse of discretion standard and noting that its "ruling is in accord with other Courts of Appeals that have similarly found no abuse of discretion when a district court requires claimants to comply strictly with the verified statement requirement of Rule C(6)"); *United States v. Beechcraft Queen Airplane*, 789 F.2d 627, 630 (8th Cir. 1986) (holding it was not an abuse of discretion for the District Court to strike an answer not preceded by a verified claim); *see United States v. $ 8,221,877.16 of United States Currency*, 330 F.3d 141, 150 n.9 (3d Cir. 2003) (citing cases applying abuse of discretion standard of review to district courts' decisions to strike claims).

The verified statement of interest serves as the means of establishing statutory standing in forfeiture actions. *See United States v. Contents of Accounts Nos. 3034504504 & 144-07143 (In re Friko Corp.)*, 971 F.2d 974, 984 (3d Cir. 1992) ("Article III standing requires the claimant to show an interest in the property sufficient to create a 'case or controversy,' while statutory standing requires claimants to comply with certain procedures."); *see also* David B. Smith, Prosecution and Defense of Forfeiture Cases § 9.04[1][a] (noting that statutory standing "is established by filing a timely verified claim pursuant to Rule C(6) of the Supplemental Rules"). "Statutory standing is a threshold issue that determines whether a party is properly before the court." *United States v. $ 8,221.877.16 in United States Currency*, 330 F.3d 141, 150 n.9 (3d Cir. 2003) (emphasis removed).

The timing requirements of Rule C(6) permit courts to "hear all interested parties and resolve the dispute without delay." *United States v. Various Computers and Computer Equipment*, 82 F.3d 582, 585 (3d Cir. 1996). The statement of interest must be verified "to minimize the danger of false claims." *Friko Corp.*, 971 F.2d at 984. A sister circuit has explained:

> The filing of a verified statement, as required by Rule C(6), is no mere procedural technicality. It forces claimants to assert their alleged ownership under oath, creating a deterrent against filing false claims. For this reason, filing a verified statement is normally "a prerequisite to the right to file an answer and defend on the merits."

*$23,000*, 356 F.3d at 163 (citations omitted); *see United States v. Commodity Account No. 549 54930*, 219 F.3d 595, 597 (7th Cir. 2000) ("Verification forces the claimant to place himself at risk for perjury of false claims, and the requirement of oath or affirmation is not a mere technical requirement that we easily excuse").

Here, Wright received proper notice yet never filed a verified statement of interest, as required to establish statutory standing in the civil forfeiture proceeding. He did, however, file verified claims in the administrative forfeiture proceedings, but any contention that these filings were sufficient to bestow statutory standing in the civil forfeiture proceeding is unavailing. As the "leading treatise on forfeiture," *$ 8,221,877.16*, 330 F.3d at 155, has pointed out, "the filing of the earlier administrative claim is not a substitute for the claim that must be filed with the court under Rule C(6)." David B. Smith, Prosecution and Defense of Forfeiture Cases § 9.04[1].

Wright also contends that his eventual filing of an answer to the complaint and his responses to the government's interrogatories served the purposes of Rule C(6). In at least one case, which presented "extraordinary circumstances," we permitted a claimant who failed to verify his claim to challenge a forfeiture action. *See Various Computers*, 82 F.3d at 585. There, the imprisoned, *pro se* litigant timely filed a claim and answer, but failed to verify the former as required by Rule C(6). He conceded as much, "but assert[ed] that the procedural defects were due to his *pro se* and prison status." *Id.* at 584. Where "[b]oth the court and the Government were aware of the source of [the claimant's]

interest in the property and the basis for his claim of ownership," we concluded that "it was error under these circumstances to reject [his] claim merely because of the absence of verification, especially in light of [his] *pro se* status and his lack of any knowledge of Rule C(6)." *Id.* at 585.

By contrast, Wright was, and is, represented by counsel yet nonetheless failed to file a statement of interest, verified or otherwise, despite ultimately filing an answer to the complaint and responses to the interrogatories of the government. Indeed, after the time for filing a verified statement of interest had passed, the government informed him by letter that he had "yet to file a claim and answer as required by Admiralty Rule C" and asked whether "he still intend[ed] to contest the forfeiture." Wright's chosen response was to file only an untimely answer.

That decision to forego "plac[ing] himself at risk for perjury," *Commodity Account No. 549 54930*, 219 F.3d at 597, by failing to verify, or even to file, a statement of interest undermined Rule C(6)'s goal of protecting against false claims and delayed the government's ability to promptly effectuate the forfeiture. Accordingly, the District Court acted well within its discretion when it struck Wright's answer and entered default judgment for the government. *Cf. $ 8,221,877.16*, 330 F.3d at 150 n.9 (noting that "[h]ad the Court truly held that [the claimant] lacked statutory standing to proceed, the proper response would have been to strike [the claimant's] claim").

**III.**

The orders of the District Court granting the motions to strike the answer and for default judgment will be affirmed.